UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM BESS, | ) CV 07-1989 LEW-JFM |
| Plaintiff, | ) **ORDER DENYING OIG** |
| v. | ) **DEFENDANTS' MOTION TO** |
| | ) **DISMISS** |
| MATTHEW CATE et al. | ) |
| Defendants. | ) |

Currently before this Court is Matthew Cate and Davis Shaw's (hereafter "OIG Defendants") Motion to Dismiss[1]. The Court took this matter under submission on February 28, 2008. Having considered all papers submitted pertaining to the above Motions, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

---

[1] This order does not address the Motion to Dismiss from Defendants Tilton, Hickman, Woodford, Dovey, Kernan and Hoshino ("CDCR Defendants").

A.   Legal Standard

   *1. Standard for Motion to Dismiss*

   In a FRCP 12(b)(6) Motion to Dismiss, "all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the Plaintiff." McGary v. City of Portland, 386 F.3d 1259, 1261 (9th Cir. 2004). A dismissal is only appropriate "if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120 (9th Cir. 2007). However, "a formulaic recitation of the elements of a cause of action will not do... allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

B.   Defendants' Motion to Dismiss

   Plaintiff, a corrections officer, brought three claims against the OIG Defendants. Defendant Cate is the Inspector General of California and Defendant Shaw is the Chief Assistant to the Inspector General. In his Complaint, originally filed September 21, 2007, Plaintiff brings two claims under 18 U.S.C. § 1983 for violations of Plaintiff's right to Free Speech and Due Process. Plaintiff's third claim alleges a violation

2

of the Racketeer Influenced Corrupt Organizations Act (RICO), brought pursuant to 18 U.S.C. § 1964.

*1. Free Speech Retaliation Claim*

Plaintiff specifically alleges that the OIG Defendants violated his right to Free Speech because they failed to initiate an investigation after Plaintiff submitted multiple complaints to the OIG.

The actions of the Inspector General are governed under Cal. Penal Code § 6125-6133. Under Cal. Penal Code § 6126(a)(1), the Inspector General may, but is not required to, initiate an investigation into departmental policies and procedures. Although Cal. Penal Code § 6129(b)(1) mandates an "inquiry" into a complaint of retaliation, a formal investigation is only required if the IG determines that "a legally cognizable cause of action is presented." Thus, Defendants are not required by law to conduct a formal investigation upon Plaintiff's complaints.

However, under Perry v. Sindermann, 408 U.S. 593, 597 (1972), even if a citizen does not have a legal right to a benefit, the government may not deny the benefit because the citizen exercised his free speech rights. And, based on United Steelworkers of Am. v. United Phelps Dodge Corp., 865 F.2d 1539, 1545-47 (9th Cir. 1989), the Court may reasonably use circumstantial

evidence to infer a conspiracy.

Here, accepting Plaintiff's allegations as true, the Court can reasonably infer that Defendants may have abused their discretionary power to retaliate against Plaintiff.  At the pleading stage, this is sufficient for Plaintiff's retaliation claim to survive dismissal. Thus, the Motion to Dismiss Plaintiff's retaliation claim is **DENIED**.

*2. Deprivation of Property Rights Claim*

Plaintiff claims that the OIG Defendants deprived him of his property interest in his job because he was constructively discharged based on what he claims was an unjustified transfer.

Permanent state employees hold a property interest in their job which is protected by Due Process. Freitag v. Ayers, 468 F.3d 528, 548 (9th Cir. 2006). This interest contains the right to continued employment free from disciplinary measures without cause.  Skelly v. State Personnel Bd., 15 Cal. 3d 194, 207-08 (1975).  One type of disciplinary measure is a constructive discharge.  A constructive discharge occurs when, under the totality of the circumstances, "a reasonable person in [the employee's] position would have felt he was forced to quit because of intolerable and discriminatory working conditions."  Sanchez v.

3

1  City of Santa Ana, 915 F.2d 424, 431 (9th Cir. 1990).
2      Accepting Plaintiff's allegations as true, a
3  reasonable person in Plaintiff's position could argue
4  that he was faced with an intolerable and
5  discriminatory work environment.  Therefore, there are
6  sufficient facts pledged to state a claim on a
7  constructive discharge theory. The Motion to Dismiss
8  Plaintiff's claim for deprivation of property rights is
9  **DENIED**.

11      *3. Deprivation of Liberty Rights Claim*
12      Plaintiff claims that his liberty interests have
13  also been violated based on the OIG Defendants' failure
14  to investigate his claims.  He also claims that this
15  same right has been violated because his free speech
16  has been unjustifiably hindered.  Finally, Plaintiff
17  alleges that the OIG Defendants violated California's
18  anti-retaliation laws.
19      State laws do not create a protected liberty
20  interest unless the law itself places substantive
21  limits on official discretion.  See White v. Lambert,
22  370 F.3d 1002, 1013 (9th Cir. 2004); Meachum v. Fano,
23  427 U.S. 215, 228-229 (1976).
24      Here, Plaintiff argues that under Cal. Gov't Code §
25  8547.3(a), state law places substantive limits on
26  Defendants' discretion.  This argument is persuasive.

4

The statute is quite clear that any interference with the rights provided by the Whistleblower Protection Act is barred. Plaintiff has alleged various acts of retaliation, which allow the Court to reasonably infer that Defendants interfered with Plaintiff's right to report governmental corruption free from retaliation. At the pleading stage, this is sufficient to avoid dismissal. The Motion to Dismiss is **DENIED**.

*4. RICO Violation Claim*

In order to plead a violation under RICO, Plaintiff must allege four elements: (1) existence of an enterprise affecting or engaged in interstate commerce, (2) defendant employed by or associated with the enterprise, (3) defendant participated in the enterprise's affairs, and (4) a pattern of racketeering activity. 18 U.S.C. § 1962(c).

Here, if Plaintiff's allegations are taken as true, the elements of a RICO claim are met. Under 18 U.S.C. §1961(4) enterprise is broadly defined to include any "legal entity" or any group of individuals "associated-in-fact". Plaintiff's complaint clearly alleges that Defendants are a legal entity, and are factually associated to the CDCR Defendants. As to the Interstate Commerce requirement, the Court in <u>United States v. Juvenile Male</u>, 118 F.3d 1344, 1349-50 (9th

Cir. 1997) stated that the requirement is satisfied by proof of a probable or potential impact. Because the required connection to is so slight,[2] the fact that the alleged enterprise may have some imaginable de minimus impact on interstate commerce is sufficient.

Plaintiff needs only allege that Defendants played "some part in directing the enterprise's affairs." Reves v. Ernst & Young, 507 U.S. 170, 179 (1993). If the enterprise is OIG, then Defendants, as high level directors of the organization, certainly took part in OIG's affairs. And, if the enterprise is the association-in-fact between CDCR Defendants and OIG Defendants, then by definition the OIG Defendants would certainly play "some part" in directing its affairs.

Lastly, Plaintiff has alleged sufficient facts to plead a pattern of racketeering activity. 18 U.S.C. §1861 defines racketeering activity to include a wide variety of acts. Here, CDCR Defendants allegedly conducted several predicate acts which may constitute racketeering activity. By allowing these acts to occur despite being the sole party with the ability to

---

[2] See, e.g., United States v. Pascucci, 943 F.2d 1032, 1035 (9th Cir. 1991) (defendant threatened to deliver embarrassing audio tapes to his victim's employer, a corporation engaged in interstate commerce); United States v. Phillips, 577 F.2d 495, 501 (9th Cir. 1978) (defendant's extortion threatened the depletion of resources from a business engaged in interstate commerce').

6

1  intervene, Defendants have indirectly participated in
2  these acts.
3      The Court also finds a sufficient causal nexus
4  between the alleged RICO violations and Plaintiff's
5  injury.  Plaintiff's injuries would not have arisen but
6  for the predicate acts described, and the injuries were
7  foreseeable consequences of the acts.  Therefore,
8  Defendant's Motion to Dismiss Plaintiff's RICO claim
9  should be **DENIED** at this time.

12 **IT IS SO ORDERED.**

14 **HONORABLE RONALD S.W. LEW**
   Senior, U.S. District Judge

16 DATED: March 13, 2008