1    BROOKS M. BEARD (CA Bar No. 181271)
     Email:  bbeard@mofo.com
2    DAVID E. MELAUGH (CA Bar No. 219477)
     Email: dmelaugh@mofo.com
3    J. RYAN GILFOIL (CA Bar No. 246493)
     Email: jgilfoil@mofo.com
4    MORRISON & FOERSTER LLP
     425 Market Street
5    San Francisco, California  94105-2482
     Telephone:  (415) 268-7000
6    Facsimile:   (415) 268-7522

7    EDWARD J. CADEN (CA Bar No. 166922)
     Email: ejcaden@surewest.net
8    LAW OFFICE OF EDWARD J. CADEN
     8217 Manger Way
9    Citrus Heights, California  95610-0570
     Telephone:  (916) 729-3172
10   Facsimile:   (916) 723-2596

11   Attorneys for Plaintiff SAM BESS

12

13           UNITED STATES DISTRICT COURT

14          EASTERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16   SAM BESS, | Case No. 2:07-CV-01989-JAM-JFM |
| 17         Plaintiff, | **PROTECTIVE ORDER** |
| 18      v. | |
| 19   MATTHEW CATE, DAVID SHAW, JAMES | Judge: Hon. John A. Mendez |
| 20   TILTON, RODERICK HICKMAN, JEANNE WOODFORD, JOHN DOVEY, SCOTT | |
| 21   KERNAN, and MARTIN HOSHINO, | |
| 22         Defendants. | |

23

24

25

26

27

28

PDF created with pdfFactory trial version www.pdffactory.com

1        1.      Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and it appearing that

2 discovery in this action will involve the disclosure of confidential information, it is hereby

3 stipulated by and between Plaintiff Sam Bess ("Plaintiff") and Defendants Matthew Cate, David

4 Shaw, Roderick Hickman, Jeanne Woodford, John Dovey, Scott Kernan, and Martin Hoshino

5 (together, "Defendants"), collectively referred to as the "Parties" and individually referred to as

6 "Party," through their respective counsel, and ordered that the following Protective Order be

7 entered to give effect to the terms and conditions set forth below:

8        2.      "Designating Party" means any one of the Parties producing Documents or

9 information under this Protective Order.

10      3.      "Document" or "Documents" shall have the broadest meaning permitted under

11 Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of

12 Evidence, and relevant case law.

13      4.      "Protected Information" includes the following categories of information, and

14 shall include Documents produced during discovery, answers to interrogatories, responses to

15 requests for admissions, depositions, hearing or trial transcripts, and tangible things, the

16 information contained therein, and all copies, abstracts, excerpts, analyses, or other writings that

17 contain, reflect, or disclose such information.

18      A.      **"CONFIDENTIAL"** designates information that a Designating Party reasonably

19 believes to be confidential due to safety or security reasons, that is not readily available to the

20 public, and/or the disclosure of which is likely to result in imminent or substantial endangerment

21 to an inmate or prison employee.

22      B.      "**REDACTED & CONFIDENTIAL**" designates information that the

23 Designating Party reasonably believes contains information that must be redacted to protect an

24 inmate or prison employee from imminent and substantial endangerment, or that reflects

25 information that may be protected under various privacy laws.  Information that may be redacted

26 includes only:  (i) names; (ii) current home addresses; (iii) current home or personal telephone

27 numbers; (iv) social security numbers; and (v) inmate number or other identifying reference.

28 Each redaction must be identified by showing what information has been redacted (*i.e.*, "current

PDF created with pdfFactory trial version www.pdffactory.com

1   address," "current home telephone," "social security number," etc.).  If a name is redacted, the

2   name must be replaced with an identifier (*i.e.*, "CSP-SAC Prison Inmate 1, "CSP-SAC Employee

3   1," "CDCR Official 1," "OIG Official 1," etc.) so that each person can be tracked in the

4   Documents.  The identifiers must remain consistent across all Documents.

5       C.      The designation of information as "**CONFIDENTIAL**" or "**REDACTED &**

6   **CONFIDENTIAL**" is limited to information falling into one or more of the following categories:

7           i.      Prison, CDCR, or OIG policies, operational procedures, rules, or

8                   regulations that have previously been designated as confidential;

9           ii.     personnel documents;

10          iii.    post orders;

11          iv.     investigation documents;

12          v.      documents contained in the central prison file, medical file, or

13                  parole files of an inmate or former inmate;

14          vi.     any personal information regarding an inmate, former inmate, or

15                  staff member employed or formerly employed by the CDCR or

16                  OIG;

17          vii.    information regarding the identity of a confidential informant and

18                  confidential investigations; and

19          viii.   the information addressed in Eastern District of California Local

20                  Rule 39-140, including minors' names, financial account numbers,

21                  social security numbers, and dates of birth.

22   However, information falling within these categories does not, solely by virtue of that fact, merit

23   designation as "CONFIDENTIAL" or "REDACTED & CONFIDENTIAL."  Such information

24   must also meet the criteria described in Paragraphs 4.A and 4.B, respectively, to merit those

25   designations.

26      D.      Protected Information shall not include:  (i) information that is in the public

27   domain at the time of disclosure; (ii) information that after disclosure is published or becomes

28   part of the public domain through no fault or action (in whole or in part) of any Party receiving

PDF created with pdfFactory trial version www.pdffactory.com

1    information under this Protective Order, but only after it is published or comes into the public

2    domain; (iii) information that is in the possession of a Party receiving such information without

3    any confidentiality obligations at the time of disclosure; or (iv) information disclosed by a third

4    party without any confidentiality obligations at the time of disclosure.

5    5.    This Protective Order shall apply to all Protected Information exchanged by any

6    Party, including, without limitation, Documents, things, other discovery materials, transcripts,

7    depositions, testimony, or other papers produced, filed, generated, or served by a party in this

8    litigation.

9    6.    All Protected Information produced and designated as confidential hereunder shall

10   have stamped or affixed on each page that contains Protected Information the appropriate

11   confidentiality classification—either "CONFIDENTIAL" or "REDACTED &

12   CONFIDENTIAL" — and the designation "Case No. 2:07-CV-01989-LEW-JFM (E.D. Cal.)" at

13   the time such materials, or copies thereof, are delivered to the receiving party, or within ten (10)

14   court days thereafter in the event such labeling or marking is inadvertently omitted.  Until ten (10)

15   court days have elapsed after receipt, the reviewing party will treat Documents and things that

16   have been received and that have not been designated "CONFIDENTIAL" or "REDACTED &

17   CONFIDENTIAL" as if they had been designated with the "CONFIDENTIAL" or

18   "REDACTED & CONFIDENTIAL" classification.  The parties will use due care to designate as

19   Protected Information only Documents or other materials that truly encompass such information.

20   7.    Protected Information that has been classified as "CONFIDENTIAL" or

21   "REDACTED & CONFIDENTIAL" may be disclosed only to the following:

22   A.    outside counsel for the receiving party and their clerical and paralegal staffs and

23   litigation support providers (for example, outside copy services, coding and imaging vendors,

24   graphic art and visual aid providers, or jury consultants) whose duties and responsibilities require

25   access to Protected Information;

26   B.    Mr. Bess and Defendants;

27   C.    experts and consultants who are requested by counsel of the receiving party to

28   furnish technical, legal, expert, or other specialized services in connection with this litigation;

PDF created with pdfFactory trial version www.pdffactory.com

1      D.      an officer before whom a deposition is taken, including stenographic reporters and

2 any necessary secretarial, clerical, or other lay personnel of such officer; and

3      E.      any other person to whom the parties agree in writing or as allowed by the Court.

4      8.      No Protected Information shall be provided to any person covered by subparts B

5 and C of Paragraph 7 until each such person has been provided with a copy of this Protective

6 Order, reviewed it, and signed the Certification attached hereto as Exhibit A.

7      9.      Designations of Discovery

8      A.      Depositions may be designated as Protected Information in accordance with this

9 Order: (a) in the course of the deposition, orally on the record; or (b) by notifying the other party

10 in writing, within ten (10) court days of receipt of the transcript by the parties, of the pages and

11 lines of the transcript that contain the Protected Information.

12          i.      All depositions shall presumptively be treated as Protected

13                  Information marked with the "CONFIDENTIAL" designation in

14                  accordance with the definition above and subject to this Order

15                  during the deposition and for a period of ten (10) court days after a

16                  transcript of said deposition is received by the Parties.

17          ii.      Counsel of record for the Designating Party may also request that

18                  all persons other than the individuals specified in Paragraph 7 of

19                  this Protective Order, as appropriate, leave the deposition room

20                  during the portion of the deposition in which Protected Information

21                  is disclosed. The failure of such other persons to comply with a

22                  request of this type shall constitute substantial justification for

23                  counsel of record to advise the witness not to answer the question

24                  pending a ruling from the Court on the issue.

25          iii.      Where appropriate in light of the amount of Protected Information

26                  likely to be disclosed at a given deposition, counsel of record for

27                  the Parties may agree at the beginning of the deposition that the

28                  entire transcript shall be designated "CONFIDENTIAL," subject to

PDF created with pdfFactory trial version www.pdffactory.com

1    review of the transcript and withdrawal of any unnecessary

2    designation within ten (10) court days of receipt of the transcript.

3    B.    Answers to interrogatories and requests for admission may also be designated

4    confidential by marking the Documents in a manner described in Paragraph 6 of this Order.

5    C.    Notwithstanding Paragraph 7 above, other persons may be shown a specific item

6    of "Protected Information" of the producing party if such persons are either past or present

7    employees of the producing party or identified in that specific item, or on any attachment thereto,

8    as being the author, or as having previously received a copy of an exact duplicate of said specific

9    item.

10    10.    Documents Available for Inspection and Copying

11    A.    Notwithstanding the provisions of Paragraph 6, all Documents and things that are

12    produced for initial inspection prior to copying and delivery shall presumptively be considered to

13    be designated Protected Information marked with the "CONFIDENTIAL" classification and shall

14    be produced for inspection only by persons representing the receiving party who then fall within

15    at least one of the categories permitted under Paragraph 7 above.

16    B.    At the initial inspection of Documents and things, the receiving party shall not

17    make copies of the Documents made available for inspection, and if notes are made therefrom

18    other than a list identifying Documents or things to be copied or otherwise furnished, the notes

19    shall be treated as Protected Information marked with the "CONFIDENTIAL" classification.

20    C.    After the receiving party has selected Documents or things for copying, they shall

21    promptly be sequentially numbered (if not already done), copied, and the copies delivered to the

22    receiving party by the producing party (with the receiving party paying only for the costs of its

23    copy set and delivery of such set).  Before copies are delivered to the receiving party, counsel for

24    the producing party shall designate and mark each page of the Documents and things with the

25    appropriate confidentiality classification — either "CONFIDENTIAL" or "REDACTED &

26    CONFIDENTIAL" — and with the litigation case number ("Case No. 2:07-CV-01989-LEW-JFM

27    (E.D. Cal.)") if and to the extent appropriate in accordance with Paragraph 6 of this Protective

28    Order.  Copies of Documents and things delivered to the receiving party and not so marked shall

PDF created with pdfFactory trial version www.pdffactory.com

1   be considered thereafter to be outside the restrictions imposed by this Protective Order, except as

2   provided in Paragraph 6.

3       11.    Compliance With Civil Local Rule 39-141

4       A.    All deposition transcripts, exhibits, answers to interrogatories, and other

5   Documents that have previously been designated by a party as comprising or containing Protected

6   Information, or any pleading, brief, or memorandum purporting to reproduce or paraphrase such

7   material, shall be lodged with the Court for filing in accordance with Civil L.R. 39-141.

8       B.    The confidential portions of Documents and things that are accepted for filing

9   under seal by the Court shall be treated in accordance with Civil L.R. 39-141.

10      12.    If the receiving party disagrees with the confidential or redacted status of any

11  Document or other material, or if the receiving party disagrees with the level of confidentiality

12  classification, the receiving party will notify and confer with the producing party to request

13  reclassification of the Document or material.  If no agreement has been reached within ten (10)

14  court days of such notification or a later date if agreed to in writing by the parties, the receiving

15  party may thereafter make a request of the Court for an order reclassifying the confidentiality

16  designation and/or removing such Document or other material from the restrictions of this Order.

17  If such a request is made, the party seeking to maintain a confidentiality classification bears the

18  burden of establishing that the restrictions of this Order apply to such Protected Information.

19      13.    Privileged Information

20      A.    Nothing in this Protective Order shall in and of itself require disclosure of

21  information that is protected by the attorney-client privilege, work-product doctrine, or any other

22  privilege, doctrine, or immunity, nor does it result in any party giving up its right to argue that

23  otherwise privileged documents must be produced due to waiver or for any other reason.

24      B.    In the event any party claims that it has inadvertently disclosed materials subject to

25  the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity,

26  it shall, upon discovery of the inadvertent disclosure, promptly notify the opposing party thereof.

27  Promptly upon receiving such notice, outside counsel for the party who received the allegedly

28  inadvertently-disclosed privileged materials shall sequester all identified materials (including any

PDF created with pdfFactory trial version www.pdffactory.com

1   and all copies) in its offices until the matter has been resolved either by agreement of the parties

2   or by an order of this Court.  Counsel shall also take reasonable steps to retrieve the materials if

3   disclosed to anyone else before notification.

4         C.      In the event any party receives materials that on their face appear to be subject to

5   the attorney-client privilege and to have been inadvertently disclosed, the party shall treat the

6   materials in the manner described in Paragraph 13.B) and in addition shall promptly notify the

7   disclosing party.

8         D.      With respect to the application of any claim of privilege or immunity for

9   inadvertently produced materials, if the parties are unable to reach a satisfactory agreement as to

10   the return and/or use of such Documents within ten (10) court days of such notice, the producing

11   party may, within ten (10) court days thereafter, petition the Court on an expedited basis to

12   resolve the matter.  If the party alleging an inadvertent disclosure makes an adequate showing,

13   reasonable under the circumstances, of both inadvertence and privilege, the Court shall order all

14   such information returned to the party that inadvertently produced them.  The period of time that

15   elapses while a party follows the procedures set forth in this Paragraph 13 for resolving any

16   inadvertent disclosure dispute shall not be considered as a factor in deciding whether a party's

17   delay in attending to the inadvertent disclosure was unreasonable under the circumstances.

18         14.     A third party from whom discovery is sought in this litigation ("the Third Party")

19   may produce Protected Information entitled to the protections afforded by this Order as follows:

20               A.     The Third Party shall be given a copy of this Order;

21               B.     The Third Party shall request, in writing addressed to the propounding

22   party's counsel, the protections afforded by this Order;

23               C.     The Third Party shall produce any Protected Information in the manner

24   described in Paragraphs 6, 9, and/or 10;

25               D.     The Third Party's Protected Information produced in such manner may be

26   disclosed only to the persons identified in Paragraphs 7 and 9.C;

27               E.     Paragraph 12 sets the procedures for disputing classification of material

28   produced by the Third Party;

PDF created with pdfFactory trial version www.pdffactory.com

1          F.      The Third Party is entitled to the protections against inadvertent disclosure

2    found in Paragraph 13;

3          G.      Following the termination of this Action, the Third Party's Protected

4    Information shall be treated as described in Paragraph 16; and

5          H.      Before any modification of the Order pursuant to Paragraph 17 that might

6    affect the Third Party's rights under this Order, the Third Party is entitled to notice and an

7    opportunity to object.

8          15.     If Protected Information produced in accordance with this Order is disclosed to

9    any person other than in the manner authorized by this Order, the party responsible for the

10   disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of

11   all counsel of record and, without prejudice to other rights and remedies available to the

12   producing party, make every effort to obtain the return of the disclosed Protected Information and

13   prevent further disclosure of it by the person who was the recipient of such information.

14         16.     Unless otherwise agreed or ordered by the Court, within ninety (90) calendar days

15   after the termination of this Action, Case No. 2:07-CV-01989-LEW-JFM (E.D. Cal.), including

16   any and all appeals therefrom, attorneys for the receiving party shall destroy all Protected

17   Information received from the other parties to this litigation or third parties hereunder, and

18   provide the other parties with written verification of such destruction.  Notwithstanding this

19   provision, outside counsel for each party may maintain for archival purposes one copy of all

20   pleadings, transcripts, exhibits and written discovery responses, including portions designated

21   under this Protective Order.  Prompt written notice shall be given to a party who produced

22   Protected Information hereunder if that party's Protected Information is sought by any person not

23   a party to this litigation, by subpoena in another action, or by service with any legal process.  Any

24   person seeking such Protected Information who takes action to enforce such subpoena or other

25   legal process shall be apprised of this Order.

26         17.     This Order may be changed only by the written agreement of the parties or further

27   order of the Court, and is without prejudice to the rights of a party to seek relief from or variation

28   of any of its provisions.

PDF created with pdfFactory trial version www.pdffactory.com

1    18.    Subject to Paragraph 16 above, the remaining provisions of this Order, including

2 the obligations to maintain confidentiality embodied herein, shall survive the final disposition of

3 this litigation and continue in full force and effect.

Dated:  May 22, 2008                          MORRISON & FOERSTER LLP
4                                              BROOKS M. BEARD
                                               DAVID E. MELAUGH
5                                              J. RYAN GILFOIL

6

7                                              By:    /s/ Brooks M. Beard
                                                        Brooks M. Beard

8                                              Attorneys for Plaintiff SAM BESS

9 Dated:  May 22, 2008                          EDWARD J. CADEN
                                               LAW OFFICE OF EDWARD J. CADEN
10

11                                             By:    /s/ Edward J. Caden
                                                        Edward J. Caden
12

13                                             Attorney for Plaintiff SAM BESS

14 Dated:                                      EDMUND G. BROWN JR.
                                               Attorney General of the State of California
15                                             JACOB A. APPELSMITH
                                               Senior Assistant Attorney General
16                                             ALICIA M. B. FOWLER
                                               Supervising Deputy Attorney General
17                                             SCOTT H. WYCKOFF
                                               Deputy Attorney General
18

19                                             By:    /s/
                                                        Scott H. Wyckoff
20

21                                             Attorneys for Defendants RODERICK
                                               HICKMAN, JEANNE WOODFORD, JOHN
22                                             DOVEY, SCOTT KERNAN, and MARTIN
                                               HOSHINO

23

24

25

26

27

28

PDF created with pdfFactory trial version www.pdffactory.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:

RANKIN, SPROAT, MIRES, BEATY & REYNOLDS
GEOFFREY A. BEATY

By:   /s/ _____
                    Geoffrey A. Beaty

Attorney for Defendants MATTHEW CATE
and DAVID SHAW

**IT IS SO ORDERED**.

Dated:  May 22, 2008

/s/ John A. Mendez_____

HON. JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

PDF created with pdfFactory trial version www.pdffactory.com

1                              **<u>CERTIFICATION</u>**

2       I, _____, residing at _____,

3 _____, being duly sworn according to law, state as follows:

4         1.      I understand that information or Documents designated "Protected Information"

5 will be provided to me in accordance with the terms and conditions and restrictions of the

6 Protective Order ("Protective Order"), dated _____, entered in the lawsuit styled

7 *Bess v. Cate, et al.*, United States District Court, Eastern District of California, Civil Action No.

8 2:07-CV-01989-LEW-JFM (the "Litigation");

9         2.      I have been given a copy of and have read and understand the Protective Order,

10 and I hereby agree to be bound by its terms;

11         3.      I further agree that I shall not disclose to others, except in accordance with the

12 terms and conditions of the Protective Order, such Protected Information and that such Protected

13 Information shall be used only for the purposes of the Litigation;

14         4.      I further understand that my obligation to honor the confidentiality of such

15 Protected Information will continue even after the Litigation terminates;

16         5.      I further agree and attest to my understanding that, in the event that I fail to abide

17 by the terms of the Protective Order, I may be subject to sanctions imposed by the Court for such

18 a failure, including sanctions by way of contempt of court, and a claim for damages by the party

19 producing the Protected Information disclosed to me;

20         6.      For purposes of enforcing this Protective Order, I hereby consent to the

21 jurisdiction of the federal courts and state courts in California, and agree that service by mail or

22 personal service of any notice, order, or proceeding in connection therewith shall be valid service

23 upon me;

24         7.      I certify that the foregoing statements made by me are true and correct under

25 penalty of perjury under the laws of the State of California.

26

27 Executed on: _____      By: _____

28

PDF created with pdfFactory trial version www.pdffactory.com