IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAM BESS, RYAN COUCH, KENNETH JIMINEZ, and BARNABE TORRES,

    Plaintiffs,

  v.

MATTHEW CATE, DAVID SHAW, JAMES TILTON, RODERICK HICKMAN, JEANNE WOODFORD, JOHN DOVEY, SCOTT KERNAN, MARTIN HOSHINO, TOMMY WAN, KIMBERLI BONCORE, and RALPH DIAZ,

    Defendants.
_____/

No. 2:07-cv-1989 JAM JFM

<u>ORDER GRANTING DEFENDANTS WAN, BONCORE, AND DIAZ'S MOTION TO SEVER AND TRANSFER</u>

    Plaintiff Sam Bess ("Bess") brought this action against Matthew Cate and David Shaw (collectively, "OIG Defendants") and James Tilton, Roderick Hickman, Jeanne Woodford, John Dovey, Scott Kernan, and Martin Hoshino (collectively, "CDCR Defendants") for Fourteenth Amendment and Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §1964, violations. On July 21, 2008, Plaintiff filed an amended complaint adding Ryan Couch, Kenneth Jiminez, and Barnabe Torres (collectively, "SATF Plaintiffs") as plaintiffs and adding Tommy Wan, Kimberli

1

Boncore, and Ralph Diaz (collectively, "SATF Defendants") as defendants.  SATF Defendants moved to sever, transfer, dismiss, and strike the action against them.  Plaintiffs opposed the motion.  On October 15, 2008, this Court heard argument on the motions.  For the reasons stated below, SATF Defendants' Motions to Sever and Transfer are GRANTED.

## BACKGROUND

Plaintiff Bess is a correctional officer with the California Department of Corrections and Rehabilitation ("CDCR") in Sacramento.  He alleges that he was retaliated against for statements he made about the use of "peacekeepers," influential inmates, in California prisons.  Third Amended Complaint ("TAC") ¶¶ 51, 97-138.  On September 21, 2007, Bess filed a complaint against members of CDCR and the Office of the Inspector General ("OIG").  Docket at 1.

On July 21, 2008, Plaintiffs filed their Third Amended Complaint.  Docket at 47.  Joined in the Third Amended Complaint were the three new SATF Plaintiffs as well as the three new SATF defendants.  Both the SATF Plaintiffs and Defendants are employed by the Substance Abuse Treatment Facility ("SATF") located in Corcoran, California in Kings County.  The SATF Plaintiffs also allege that they were retaliated against for their statements regarding the use of peacekeepers.  TAC ¶¶ 351-456.  SATF Plaintiffs only bring claims against SATF Defendants.

OPINION

Rule 20(a(1) allows joinder of plaintiffs if:

> A. they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and B. any questions of law or fact in common to all plaintiffs will arise in the action.

Furthermore, Rule 21 allows a court to "sever any claim against a party."

Plaintiffs have failed to adequately allege that their claims arose out of the same transaction or occurrence. Although plaintiffs allege a pattern or practice of retaliation, they do not allege sufficient facts to support this claim. See TAC ¶¶ 459-469. The SATF Plaintiffs claims are based on a set of factual allegations separate from those used to support Bess's claim. Compare id. ¶¶ 45-294 with ¶¶ 295-458. The alleged retaliation occurred at separate facilities and in separate locations. None of the parties involved in the first alleged incident of retaliation were involved in the second. Indeed, Plaintiffs concede that "the Third Amended Complaint insufficiently pled facts linking the CDCR and OIG Defendants with the peacekeeper-related malfeasance committed by the SATF Defendants at SATF." Pl. Opp. To Def. Mot. To Sever 6:4-6. Thus, Plaintiffs fail to meet the standard set forth in Rule

20(a) for joinder of plaintiffs.  Accordingly, severance of the SATF Plaintiffs' claims is appropriate.

Local Rule 3-120(f) permits the Court to transfer an action to another venue in the District if it finds that the action was not commenced in the proper court.  Pursuant to Local Rule 3-120(d), actions arising in Fresno, Kings, or Tulare counties shall be commenced in the Fresno Division.  Because all of the SATF Plaintiffs reside in one of these three counties and because SATF itself is located in Kings County, this action should have been commenced in the Fresno Division.  Accordingly, the action against SATF Defendants should be transferred to the Fresno Division.

Because this Court is transferring the action, it will not address Defendants' Motions to Dismiss and Strike.  See Utah v. American Pipe & Constr. Co., 316 F. Supp. 837, 839 (C.D. Cal. 1970) (transferor court loses jurisdiction over action upon transfer).

//

//

//

//

//

//

//

ORDER

For the reasons stated above, Defendants Wan, Boncore, and Diaz's Motions to Sever and Transfer are GRANTED. Plaintiff Bess shall file a "cleaned-up" version of the Third Amended Complaint <u>excluding the SATF allegations, SATF Plaintiffs and SATF Defendants Wan, Boncore, and Diaz</u> within twenty (20) days. In the alternative, Bess may elect to have the Court strike the Third Amended Complaint and proceed on the Second Amended Complaint. If Bess chooses to file a "cleaned-up" version of the Third Amended Complaint, defendants shall file their responsive pleadings within twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: October 27, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE