1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RYAN COUCH, et al., | ) | 1:08cv1621 LJO DLB |
| 9 | ) | |
| | ) | |
| 10 Plaintiffs, | ) ) ) | ORDER REGARDING CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S MOTION TO MODIFY PORTIONS OF PLAINTIFFS' SUBPOENAS |
| 11 v. | ) | |
| 12 | ) | |
| TOMMY WAN, KIMBERLI BONCORE, | ) | ORDER REGARDING REQUEST TO STRIKE |
| 13 and RALPH DIAZ | ) | DECLARATIONS |
| | ) | |
| 14 | ) | (Documents 131 and 149[Sealed]) |
| Defendants. | ) | |
| 15 | ) | |

16

17        On May 16, 2011, Real Party in Interest/Non-Party California Department of Corrections

18   and Rehabilitation ("CDCR") filed the instant motion to modify portions of Plaintiffs' subpoenas

19   pursuant to Federal Rule of Civil Procedure 45.  CDCR also filed a request to strike Plaintiffs'

20   declarations.  The motions were heard before the Honorable Dennis L. Beck, United States

21   Magistrate Judge, on June 20, 2011.  Mary Horst, Deputy Attorney General, appeared on behalf

22   CDCR and on behalf of Defendants Tommy Wan, Kimberli Boncore and Ralph Diaz.  Brooks

23   Beard, Daniel Zlatnik and Edward Caden appeared on behalf of Plaintiffs Ryan Couch and

24   Kenneth Jimenez.

## BACKGROUND

26        Following remand from the Ninth Circuit Court of Appeals, Plaintiffs Ryan Couch

27   ("Officer Couch") and Kenneth Jimenez ("Officer Jimenez") (collectively "Plaintiffs") filed a

28   second amended complaint on July 8, 2010.  Officer Couch and Officer Jimenez are correctional

1

1  officers of CDCR and worked at CDCR's Substance Abuse Treatment Facility ("SATF") in

2  Corcoran, California.  At SATF, Plaintiffs worked in the Investigative Services Unit ("ISU") as

3  investigative officers.  By their amended complaint, Officers Couch and Jimenez allege

4  violations of their free speech rights and violations of the Racketeer Influenced Corrupt

5  Organizations Act ("RICO"), 18 U.S.C. § 1964, against Defendants Tommy Wan, Kimberli

6  Boncore and Ralph Diaz in their individual and official capacities.  Defendant Tommy Wan is

7  the Associate Warden in charge of Central Services and Facility C at SATF.  Defendant Kimberli

8  Boncore served as an investigator and corrections officer at SATF.  Defendant Ralph Diaz was a

9  Facility C Captain at SATF and now serves as an Associate Warden.

10       Between December 13, 2010, and May 5, 2011, SATF and CDCR, non-parties to this

11  lawsuit, received ten subpoenas from Plaintiffs in this case.  Between February 8 and March 3,

12  2011, CDCR responded to the subpoenas.  On March 23, 2011, CDCR provided supplemental

13  responses.  Exhibits A, B and C to Declaration of Mary Horst ("Horst Dec.").

14       On May 16, 2011, CDCR filed the instant motion to modify portions of the subpoenas.

15       On June 3, 2011, Plaintiffs filed a request to seal their opposition to CDCR's motion.  The

16  Court granted the request, and Plaintiffs' opposition and several supporting declarations were

17  filed under seal.

18       On June 10, 2011, CDCR filed a reply.  CDCR also filed, under seal, a motion to strike

19  certain declarations.

20  **DOCUMENTS AT ISSUE**

21       According to the motion, CDCR and Plaintiffs disagree regarding the following

22  categories of documents: (1) certain inmate central files; (2) confidential section documents

23  contained within each inmate's central file; (3) debriefing reports/confidential memoranda; and

24  (4) electronic discovery.

25       CDCR explains that it maintains case records for all incarcerated inmates that reflect

26  findings, considerations, action and dispositions with respect to classification, treatment,

27  employment, training and discipline.  Cal. Penal Code § 2081.5.  A central file ("c-file") is the

28  master file maintained by CDCR concerning these records.  A c-file is divided into several

1 | categories and may include a separate "confidential" folder.  Declaration of Everett Fischer

2 | ("Fischer Dec.") ¶ 6.

3 |       A confidential folder may contain memoranda and/or reports of gang activity.

4 | Department of Operations Manual ("DOM"), Chapter 6, Article 2, § 61020.5 *et seq.*  The

5 | confidential folder may also contain "debriefs," which are statements by a gang investigator from

6 | a subject who claims to have dropped out of a gang.  DOM, Chapter 6, Article 2 § 61020.7.

7 | Debriefs are used to obtain information that adversely impacts the gang and is an investigation

8 | into the gang's operation.  The subject of a debrief is asked to describe all of his activities and

9 | knowledge of gang activities since the time he became involved with the gang.  Fischer Dec. ¶ 9.

10 | A gang intelligence report is a working document containing information about ongoing gang

11 | related investigations.  These documents are maintained in the confidential folder of the c-file.

12 | Fischer Dec. ¶¶ 10, 12.

**DISCUSSION**

**A.      Motion to Modify Subpoenas**

15 |       CDCR asserts that the c-file documents requested are not discoverable because: (1) the

16 | requests are overbroad and do not seek relevant information; (2) release of the requested

17 | information will cause specific prejudice or harm; and (3) the requests are unduly burdensome.

**1.      Overbreadth, Relevance and Undue Burden**

19 |       The subpoenas at issue request the entire c-files of eight different inmates and request

20 | complete copies of debriefing reports.  In part, CDCR claims that these requests are an undue

21 | burden because they are overbroad and are not relevant to the issues presented by this litigation.

22 | For example, CDCR indicates that c-files span the entire length of an inmate's incarceration and

23 | many of the requested c-files are for inmates who have been housed within CDCR for 15-20

24 | years (or more).  As Plaintiffs' allegations concern events beginning in 2006, CDCR argues that

25 | there is no basis to produce the entire c-file of an inmate.  The Court agrees.

26 |       Federal Rule of Civil Procedure 45 authorizes issuance of a subpoena to command a

27 | non-party to produce designated documents, electronically stored information, or tangible things

28 | in its possession, custody or control. Fed. R. Civ. P. 45(a)(1)(A)(iii).  The scope of discovery

1   through subpoena is the same as that applicable to Rule 34 and to the other discovery rules.  *See*

2   Fed. R. Civ. P. 45 Advisory Committee Notes 1991 Amendment; *see also McCoy v. Southwest*

3   *Airlines Cos., Inc.*, 211 F.R.D. 381, 384 (C.D. Cal. 2002);  *Brinckerhoff v. Town of Paradise,*

4   2010 WL 4806966, *7 (E.D. Cal. Nov. 18, 2010).  Rule 34, pertaining to the discovery of

5   documents, provides that requests "must describe with reasonable particularity each item or

6   category of items" to be produced.  Fed. R. Civ. P. 34(b)(1)(A).  Further, the information sought

7   must be relevant to the claims and defenses in the underlying matter and must be "reasonably

8   calculated to lead to admissible evidence."  Fed. R. Civ. P. 26 (b).  Overbroad subpoenas seeking

9   irrelevant information may be quashed or modified.  *Century Sur. Co. v. Master Design Drywall,*

10  *Inc.*, 2010 WL 2231890, *1 (S.D. Cal. Jun. 2, 2010) (modifying subpoena seeking documents

11  beyond effective date of insurance policy at issue).

12      Here, Plaintiffs' requests for the entire c-files of eight different inmates is unnecessarily

13  broad and unduly burdensome.  Given the range of documents and information contained in a c-

14  file, the requests for entire files encompass documents that are not relevant to the claims or

15  defenses presented in this case.  More precisely, the requests fail to describe with particularity the

16  documents which may exist in the c-files that relate to a claim or defense in this litigation.

17  Additionally, the requests lack a temporal limitation that corresponds with the allegations in the

18  SAC.

19          **2.      Specific Prejudice or Harm**

20      CDCR also seeks to modify the subpoena regarding requests for confidential memoranda

21  and debrief reports contained in the c-files.  CDCR asserts that release of confidential

22  memoranda and debrief reports compromises not only the safety and security of the debriefed

23  gang member, but also his family.  Fischer Dec. ¶¶ 8-9, 11, 13-14.  According to Everett Fischer,

24  who has worked in different capacities in CDCR's Office of Correctional Safety ("OCS"), prison

25  gangs pose a serious danger to confidential informants, who are inmates with first-hand

26  knowledge of other inmates' gang affiliations or who are inmates seeking protection from

27  enemies who are gang members.  When a confidential informant identifies another inmate as a

28  gang member or associate, this is documented in a confidential memorandum.  According to Mr.

1 Fischer, disclosure of the memorandum would imperil the informant's safety.  Mr. Fischer

2 declares that there have been several instances in which redacted and unredacted briefing reports

3 have been released over the years.  Fischer Dec. ¶ 13.

4       As pointed out by Plaintiffs, the protective order addresses certain of CDCR's concerns

5 regarding the production of confidential information and debriefing reports.  However, additional

6 measures are appropriate, including modifying the protective order to allow these documents to

7 be produced as "Attorneys' Eyes Only."

8       Further, as with the requests for entire c-files, the scope of Plaintiffs' requests for entire

9 debriefing reports and confidential memoranda may, or will, include information that is not

10 relevant to the claims and defenses in this litigation.  Indeed, the debrief reports and confidential

11 memoranda may contain information regarding ongoing matters or persons who are unrelated to

12 this litigation.  Therefore, Plaintiffs should narrow their requests and provide a revised

13 description that allows CDCR to identify relevant portions of the debriefing reports and

14 confidential memoranda and to redact irrelevant information.  To address Plaintiffs' expressed

15 concerns regarding the potential for redaction of relevant information, a designated member of

16 Plaintiffs' counsel, such as Edward Caden, a retired CDCR warden, may review, but not copy,

17 debriefing reports/confidential documents in confidence to evaluate whether portions are

18 irrelevant before CDCR redacts them.  If the parties cannot reach agreement regarding specific

19 documents, they may seek *in camera* review.

20       **3.       Electronic Discovery**

21       Based on the holding in *Open TV v. Liberate Technologies*, 219 F.R.D. 474, 476 (N.D.

22 Cal. 2003), CDCR proposes cost sharing for the requested electronic discovery.  The court in

23 *Open TV*, adopted the approach of *Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 284

24 (S.D.N.Y 2003) to determine whether cost shifting is appropriate.  *Zubulake* identified the

25 following factors to be considered:

26       1. Extent to which the request is specifically tailored to discover relevant information;
            2. Availability of such information from other sources;
27       3. Total cost of production, compared to the amount in controversy;
            4. Total cost of production, compared to the resources available to each party;
28       5. Relative ability of each party to control costs and its incentive to do so;

1         6. Importance of the issues at stake in the litigation; and
     7. Relative benefits to the parties of obtaining the information.

2    *Id.* at 284.  Cost-shifting should only be considered when discovery imposes an "undue burden or

3    expense" that outweighs the likely benefit of the discovery.  Fed. R. Civ. P. 26(b)-(c).  With

4    discovery of electronic documents, "whether production of such documents is unduly

5    burdensome or expensive turns primarily on whether it is kept in an accessible or inaccessible

6    format." *Zubulake v. UBS Warburg LLC, et al.*, 217 F.R.D. 309, 318 (N.D. Cal. 2003).

7    Accessibility turns largely on the expense of production. *Id.*

8         Here, CDCR reports that it has copied all available e-mail communications for defendants

9    and all text information from the computers located in the Investigative Services Unit at SATF.

10   Data from approximately 16 computers was downloaded.  The total size of the information is

11   estimated at 140 gigabytes.  Declaration of Sean Cotulla ("Cotulla Dec.") ¶ 2.  Plaintiffs offered,

12   and CDCR accepted, a proposal that Plaintiffs provide a list of search terms that would be used

13   to narrow down the universe of potentially relevant documents. CDCR asserts that the Attorney

14   General's office does not have the resources available to search the voluminous data. Cotulla

15   Dec. ¶ 2. In order to process the information, CDCR will need to hire an outside contractor and is

16   in the process of getting such a contract in place. Cotulla Dec. ¶ 2.  A cost estimate for running

17   this data is at least $54,000.  Further Declaration of Sean Cotulla ¶ 3.

18        The Court concludes that Plaintiffs' discovery requests impose a burden on CDCR that is

19   sufficient to warrant cost-shifting or sharing.  Plaintiffs and CDCR are directed to meet and

20   confer to determine the appropriate cost sharing for the data to be processed using Plaintiffs'

21   search terms.

22   **B.     Request to Strike Declarations**

23        On June 10, 2001, CDCR filed a motion to strike the declarations of Edward Caden, Ryan

24   Couch and Kenneth Jimenez, which were filed under seal in support of Plaintiffs' opposition to

25   CDCR's motion to modify the subpoenas.  CDCR's motion to strike is without merit.

26        CDCR claims that the declarations of Couch and Caden attempt to expand the allegations

27   contained in the SAC.  However, Plaintiffs did not submit the declarations to amend the

28

1    operative complaint.  Rather, Plaintiffs submitted the declarations to explain the relevance of the

2    discovery requests at issue.

3         CDCR next claims that the declarations are replete with inadmissible hearsay and

4    speculative conclusions.  While CDCR is correct, the declarations are offered for purposes of a

5    discovery motion, not for evidence to support a motion on the merits of this case.  *See, e.g.,*

6    *Jimena v. UBS AG Bank*, 2010 WL 4363193, *5 (E.D. Cal. Oct. 25, 2010) (recognizing

7    distinction between declarations submitted for non-merits based discovery motions and

8    declarations submitted as evidence to support a motion on the merits of a case).  More

9    importantly, the Court is neither relying on the declarations to render a decision on the motion to

10   modify the subpoenas, nor is it relying on the declarations for the truth of the matters asserted in

11   those declarations.  Thus, CDCR's objections are without merit.

12        Finally, CDCR asserts that Caden, who is Plaintiffs' counsel, is not an objective witness

13   and his declaration includes speculation and unsupported conclusions.  As with CDCR's

14   previous objections regarding hearsay and speculation, the Court finds CDCR's objections to be

15   without merit.  Again, the declarations, including Caden's declaration, were submitted to explain

16   the relevance of the requested discovery and not to support the merits of this litigation.  Further,

17   the Court is not considering the statements contained in the declarations as evidence to prove the

18   truth of the matters asserted.  Fed. R. Evid. 801(c).

19                                **CONCLUSION AND ORDER**

20        Based on the above, CDCR's motion to strike the declarations of Edward Caden, Ryan

21   Couch and Kenneth Jimenez is DENIED.  CDCR's motion to modify the subpoenas is

22   GRANTED IN PART.  Plaintiffs shall submit refined requests for production of c-file documents

23   to CDCR on or before **July 1, 2011**.  CDCR shall submit its response, including any objections,

24   on or before **July 22, 2011**.  Further, CDCR and Plaintiffs shall share the costs of producing

25

26

27

28

requested electronic data.  Plaintiffs and CDCR are directed to meet and confer regarding the

appropriate cost sharing amounts for the electronic data to be processed using Plaintiffs' search terms.


IT IS SO ORDERED.

Dated:   **June 23, 2011**                            /s/ **Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE