IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN COUCH, et al., | CASE NO. CV F 08-1621 LJO DLB |
| Plaintiffs, | **ORDER ON RECONSIDERATION OF DISCOVERY COST SHARING** |
| vs. | (Doc. 154.) |
| TOMMY WAN, et al., | |
| Defendants. | |

**INTRODUCTION**

Plaintiff correction officers Ryan Couch ("Officer Couch") and Kenneth Jimenez ("Officer Jimenez") seek reconsideration of U.S. Magistrate Judge Dennis Beck's ("Judge Beck's") order to require non-party California Department of Corrections and Rehabilitation ("CDCR") and Officers Couch and Jimenez to share costs to produce electronic data subject to Officers Couch and Jimenez' discovery requests. For the reasons discussed below, this Court DENIES Officers Couch and Jimenez reconsideration.

**BACKGROUND**

**Summary**

Officers Couch and Jimenez pursue free speech retaliation and Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, claims against two CDCR prison officials and a CDCR investigator. Officers Couch and Jimenez' claims address prison gang activity and retaliation and

1

harassment of Officer Couch and Jimenez for their criticisms of handling prison gang members. To respond to Officer Couch and Jimenez' discovery requests, CDCR claims to have downloaded 140 gigabytes of data. Judge Beck's June 24, 2011 order ("June 24 order") concluded that Officer Couch and Jimenez' discovery requests burdened CDCR to require cost shifting to Officers Couch and Jimenez. Officers Couch and Jimenez seek reconsideration of the June 24 order to the extent it requires cost shifting.

### **Electronic Data**

Officers Couch and Jimenez have sought from CDCR and defendants extensive records regarding eight inmates, prison gang intelligence reports, and "debriefs," statements by inmates who have dropped out of prison gangs. In response to Officer Couch and Jimenez' discovery requests, CDCR claims to have downloaded all available emails and text information from 16 computers to total an estimated 140 gigabytes.

CDCR accepted Officer Couch and Jimenez' offer to provide a list of search terms to narrow the universe of potentially relevant documents. CDCR claims that the California Attorney General's Office lacks resources to search the voluminous data. CDCR further estimates $54,000 will be required to hire an outside contractor to process the information. As such, CDCR and defendants sought Officer Couch and Jimenez' sharing in such costs.

### **The June 24 Order**

The June 24 order cited the factors identified in *Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 284 (S.D.N.Y. 2003), to address "whether cost-shifting is appropriate for the discovery of inaccessible data." The *Zubulake* factors comprise:

1. The extent to which the request is specifically tailored to discover relevant information;
2. The availability of such information from other sources;
3. The total cost of production, compared to the amount in controversy;
4. The total cost of production, compared to the resources available to each party;
5. The relative ability of each party to control costs and its incentive to do so;
6. The importance of the issues at stake in the litigation; and
7. The relative benefits to the parties of obtaining the information.

1  *Zubulake*, 216 F.R.D. at 284.

2  The June 24 order explained:

3  Cost-shifting should only be considered when discovery imposes an "undue burden or expense" that outweighs the likely benefit of the discovery. Fed. R. Civ. P. 26(b)-(c). With discovery of electronic documents, "whether production of such documents is unduly burdensome or expensive turns primarily on whether it is kept in an accessible or inaccessible format. *Zubulake v. UBS Warburg LLC, et al.*, 217 F.R.D. 309, 318 (N.D. Cal. 2003). Accessibility turns largely on the expense of production. *Id.*

The June 24 order concluded that Officers Couch and Jimenez' "discovery requests impose a burden on CDCR that is sufficient to warrant cost-shifting. Plaintiffs and CDCR are directed to meet and confer to determine the appropriate cost sharing for the data to be processed using Plaintiffs' search terms." Pursuant to the June 24 order, CDCR and Officers Couch and Jimenez "shall share the costs of producing requested electronic data. Plaintiffs and CDCR are directed to meet and confer regarding the appropriate cost sharing amounts for the electronic data to be processed using Plaintiffs' search terms."

## DISCUSSION

### Reconsideration Standards

Officer Couch and Jimenez contend that the June 24 order's requiring Officers Couch and Jimenez to share costs for CDCR's production of accessible electronic information is "clearly erroneous or contrary to law."

Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); *see also Grimes v. City and County of San Francisco*,

3

1  951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are
2  reviewed for clear error under Rule 72(a)).

3        A magistrate judge's factual findings are "clearly erroneous" when the district court is left with
4  the definite and firm conviction that a mistake has been committed. *Security Farms v. International*
5  *Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal.
6  2003). The "contrary to law" standard allows independent, plenary review of purely legal determinations
7  by the magistrate judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219
8  F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary
9  to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson*
10 *v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of*
11 *Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y.2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502
12 (S.D. N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

13       "Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo
14 determination . . ." *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981).
15 "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*,
16 951 F.2d at 241. A district court is able to overturn a magistrate judge's ruling "'only if the district court
17 is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc.*
18 *v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy*
19 *Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).

20       With these standards in mind, this Court turns to Officer Couch and Jimenez' criticisms of the
21 June 24 order.

**Cost Shifting**

23       Officers Couch and Jimenez argue that the June 24 order misapplied cost-shifting law in that the
24 electronic data at issue is accessible and thus not subject to cost shifting.

25       In *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 318 (S.D.N.Y. 2003), a fellow district court
26 explained:

27       Thus, cost-shifting should be considered only when electronic discovery imposes
      an "undue burden or expense" on the responding party. The burden or expense of
28       discovery is, in turn, "undue" when it "outweighs its likely benefit, taking into account

4

> the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.
>
> . . .
>
> In fact, whether production of documents is unduly burdensome or expensive turns primarily on whether it is kept in an accessible or inaccessible format (a distinction that corresponds closely to the expense of production). . . . But in the world of electronic data, thanks to search engines, any data that is retained in a machine readable format is typically accessible.
>
> Whether electronic data is accessible or inaccessible turns largely on the media on which it is stored.

Moreover, "[f]or data that is kept in an accessible format, the usual rules of discovery apply: the responding party should pay the costs of producing responsive data. A court should consider cost-shifting only when electronic data is relatively inaccessible, such as in backup tapes." *Zubulake*, 217 F.R.D. at 324. Nonetheless, "[a]ccessibility turns largely on the expense of production." *OpenTV v. Liberate Technologies*, 219 F.R.D. 474, 476-477 (N.D. Cal. 2003) ("While the source code at issue in this case is not 'backed up' . . ., it is similarly expensive and time consuming to make it available in a usable form for discovery.")

Officers Couch and Jimenez argue that data stored on accessible magnetic (hard drives) or optical (CD-ROMs) disks is not subject to cost shifting. *See Zubulake*, 217 F.R.D. at 320. Officers Couch and Jimenez contend that the June 24 order misapplied *Zubulake*, 217 F.R.D. 309, by using CDCR's estimated cost of production, which Officers Couch and Jimenez accuse CDCR of changing from $20,000 to $54,000. Officers Couch and Jimenez attribute CDCR to concede that the requested data is accessible since CDCR "collected all of its data from personal computer hard drives." Officers Couch and Jimenez conclude that since the requested data is accessible, the usual rules of discovery apply to avoid cost shifting.

CDCR responds that Officer Couch and Jimenez' "disagreement with Magistrate Judge Beck's application of the case law does not make the ruling 'clearly erroneous or contrary to law.'"

Officers Couch and Jimenez focus on the accessibility of the requested information and conclude that since the requested information is derived from hard drives, it is accessible and thus not subject to cost shifting. However, Officers Couch and Jimenez fail to focus on the cost to retrieve the requested

1  information, which CDCR estimates at $54,000, a significant, burdensome amount. Officers Couch
2  and Jimenez fail to discredit CDCR's estimate and merely accuse CDCR of increasing its estimate. Given
3  the fluid nature the discovery dispute, the June 24 order directed Officers Couch and Jimenez and CDCR
4  to meet and confer on cost sharing. Officers Couch and Jimenez apparently seek reconsideration without
5  the benefit of meeting and conferring. This Court will not reward Officers Couch and Jimenez'
6  bypassing meeting and conferring and further imposition on this Court, especially given the June 24
7  order's unchallenged finding that Officer Couch and Jimenez' "discovery requests impose a burden on
8  CDCR that is sufficient to warrant cost-shifting or sharing."

## Prematurity

10  Officers Couch and Jimenez argue that cost-shifting is premature in that the 140 gigabytes of data
11  identified by CDCR "is probably much larger than the universe of information Plaintiffs Couch and
12  Jimenez have requested." Officers Couch and Jimenez contend that they "should not bear the burden
13  of sharing in the costs of collecting and processing irrelevant and unrequested information."

14  CDCR correctly responds that Officers Couch and Jimenez requested the information and that
15  the "cost is driven by the amount of data that has to be searched and the search terms plaintiffs
16  provided." CDCR notes that determination of the subset of responsive documents will cost $54,000.

17  Officers Couch and Jimenez fail to demonstrate that cost-shifting is premature. Officers Couch
18  and Jimenez' discovery requests created the universe of information at issue. The June 24 order
19  correctly required meeting and conferring to narrow the universe of requested information and in turn
20  costs to locate it. As it stands, the issue of prematurity addresses Officer Couch and Jimenez' failure
21  to meet and confer, not cost-shifting.

22  In addition, Officers Couch and Jimenez' points on a ruling on their motion to compel production
23  from defendants are unavailing. CDCR's status as a non-party is not determinative of cost shifting, and
24  Officers Couch and Jimenez fail to explain implication of CDCR's non-party status.

25  / / /
26  / / /
27  / / /
28  / / /

### **CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES Officers Couch and Jimenez reconsideration.

IT IS SO ORDERED.

**Dated:   July 19, 2011**                           /s/ **Lawrence J. O'Neill**
                                                             UNITED STATES DISTRICT JUDGE