BROOKS M. BEARD (CA Bar No. 181271)
Email: bbeard@mofo.com
DANIEL A. ZLATNIK (CA Bar No. 259690)
Email: dzlatnik@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

EDWARD J. CADEN (CA Bar No. 166922)
Email: Edward.Caden@Cadenlaw.org
LAW OFFICE OF EDWARD J. CADEN
9245 Laguna Springs Drive, Suite 200
Elk Grove, California 95753
Telephone: (916) 729-3172
Facsimile: (916) 673-2134

Attorneys for Plaintiffs RYAN COUCH and KENNETH JIMENEZ

KAMALA D. HARRIS
Attorney General of California
SCOTT WYCKOFF
Supervising deputy attorney general
MARY HORST (CA Bar No. 163069)
Deputy Attorney General
2550 Mariposa Mall, Room 5090
Fresno, CA 93721
Telephone: (559) 477-1672
Fax (559) 445-5106
E-mail: Mary.Horst@doj.ca.gov

Attorneys for Defendants TOMMY WAN, KIMBERLI BONCORE, and RALPH DIAZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN COUCH and KENNETH JIMENEZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOMMY WAN, KIMBERLI BONCORE, and RALPH DIAZ,<br><br>    Defendants. | Case No. 1:08-cv-01621-LJO-DLB<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO MODIFY SCHEDULING ORDER**<br><br>No Hearing Requested |

CASE NO. 1:08-CV-01621-LJO-DLB
sf-3041849

Pursuant to Federal Rule of Civil Procedure 16(b), and for good cause, Plaintiffs RYAN COUCH and KENNETH JIMENEZ and Defendants TOMMY WAN, KIMBERLI BONCORE, and RALPH DIAZ (collectively, "Parties"), by and through their counsel of record, jointly request that the Court modify the Scheduling Order (Docket No. 126) to allow the Parties sufficient additional time to conduct discovery.

The Parties hereby stipulate as follows:

1. The Parties have attempted to comply with the Court's Scheduling Order. Despite those efforts, the Parties cannot reasonably comply with the Scheduling Order. The Parties therefore request that the Court modify the Scheduling Order to extend the deadlines in this case by five months.

2. The parties represent that their inability to meet the current discovery schedule was not reasonably foreseeable. Their inability is largely the result of the difficulties that Plaintiffs, Defendants, and a non-party—the California Department of Corrections and Rehabilitation ("CDCR")—have had in resolving numerous disputes regarding Plaintiffs' document requests and subpoenas to Defendants and CDCR. Efforts to reach agreement among Plaintiffs, Defendants, and CDCR regarding the production of documents have involved protracted negotiation and briefing and have already required a discovery hearing before the Court.

3. There are currently two additional outstanding motions concerning Plaintiffs' subpoenas to CDCR: CDCR's Motion to Quash Plaintiffs' Subpoena (Dkt. 158), scheduled for hearing on September 23, 2011, and Plaintiffs' Motion to Compel [CDCR] to Comply with Subpoenas (Dkt. 169), also scheduled for hearing on September 23, 2011.

4. In December 2010, Plaintiffs served on Defendants two sets of Requests for Production of Documents containing 179 separate requests. On February 8, 2011, Defendants responded to Plaintiffs' Requests for Production of Documents, asserting lack of custody, possession, or control and Eleventh Amendment privileges as to 177 of these 179 requests.

5. In December 2010, Plaintiffs served subpoenas on CDCR that duplicated the 179 Requests for Production served on Defendants. Those document requests constitute the bulk of Plaintiffs' document requests to date, although Plaintiffs modified some of them pursuant to the

Court's June 24, 2011 order, as explained below.

6. Plaintiffs represent that they intended to obtain all documents responsive to their initial subpoenas before the end of March 2011, which would have allowed sufficient time to complete additional non-expert discovery before the current October 7, 2011 deadline. In the subsequent months, Plaintiffs and CDCR met and conferred regarding CDCR's document production, but due to unforeseeable difficulties, including ongoing disputes with CDCR, document production from CDCR has still not been completed and currently is stalled pending the outcome of numerous motions.

7. In May 2011, CDCR filed a motion to modify Plaintiffs' subpoenas (Dkt. 131), and Plaintiffs filed a motion to compel Defendants to produce documents (Dkt. 137). The Court heard both motions on June 17, 2011 and issued an Order on CDCR's motion on June 24, 2011. ("Order," Dkt. 153.) The Order required Plaintiffs to refine their document requests concerning debriefing materials and confidential memoranda from inmate central files, which Plaintiffs did on July 1, 2011. The Order also required Plaintiffs and CDCR to meet and confer regarding cost-sharing for electronic discovery, with Plaintiffs covering part of the CDCR's data processing costs.

8. Plaintiffs and Defendants disagree as to the status of Plaintiffs' motion to compel Defendants to produce documents (Dkt. 137). Plaintiffs contend that the Court has not ruled on their motion. Defendants contend that the Court's comments at the June 17, 2011 hearing mean that the motion is moot.

9. Since the June 24 Order, Plaintiffs and CDCR have continued to meet and confer over CDCR's document production, the procedure for redacting documents, and cost sharing for electronic discovery. Regarding the latter, Plaintiffs and CDCR have agreed to a 50-50 cost sharing arrangement, but electronic discovery has not gone forward because Plaintiffs and CDCR disagree over when Plaintiffs' payment for their fifty-percent share becomes due. Plaintiffs and CDCR expect to resolve that issue during a conference call with the Court scheduled for September 20, 2011.

10. On August 18, 2011, Plaintiffs moved the Court for leave to take additional

depositions and depositions of prisoners. (Dkt. 157.) The hearing on that motion was initially set for September 8, 2011.

11. On August 19, 2011, non-party CDCR moved the Court to quash Plaintiffs' subpoena served on August 5, 2011 (Dkt. 158), alleging that the subpoena is overly broad, unduly burdensome, and seeks irrelevant evidence. The hearing on that motion was initially set for September 16, 2011.

12. On August 19, 2011, the Court moved the hearings on Plaintiffs' Motion to Take Additional Depositions and Depositions of Prisoners (Dkt. 157) and CDCR's Motion to Quash Plaintiffs' Subpoena to September 23, 2011 (Dkt. 158).

13. On August 26, 2011, Plaintiffs moved the Court for entry of a modified Protective Order. (Dkt. 161.) A modified Protective Order is required before CDCR can produce debriefing materials and confidential memoranda as "Attorneys' Eyes Only." Plaintiffs and Defendants met and conferred pursuant to the Court's June 24, 2011 Order but were unable to come to an agreement. Plaintiffs thus filed a motion for entry of a protective order (Dkt. 161) so that the Court could hear that issue on September 23, 2011, the same day it hears the motions on other outstanding issues concerning Plaintiffs' subpoenas to CDCR.

14. On August 30, 2011, Plaintiffs moved the Court to compel CDCR to comply with their subpoenas. The motion is currently scheduled to be heard on September 23, 2011.

15. The parties represent that they desire that the Court resolve all ongoing discovery disputes at or as a result of the September 23, 2011 hearing, but that even with all reasonable efforts they will be unable to complete discovery in the two weeks between the hearing and the discovery cut-off date under the current Scheduling Order.

16. No depositions have been taken in this case to date. Plaintiffs have noticed five depositions to take place between September 15 and 19, 2011, but contend that they are unable to prepare for or take additional depositions before obtaining and reviewing CDCR's complete document production.

17. The Parties therefore agree that there is good cause to extend the deadlines in this case as follows, with a trial date to be set at the Court's discretion (the Parties propose a date

approximately three months following the last hearing on any pre-trial motion) and a pre-trial conference date approximately one month before the trial date:

| Event | Original Date | Requested Date |
|---|---|---|
| Non-Expert Discovery | October 7, 2011 | March 9, 2012 |
| Discovery Pertaining to Experts | January 13, 2012 | June 15, 2012 |
| Non-Dispositive Pre-Trial Motion Papers (not relating to expert discovery) | October 19, 2011 | March 30, 2012 (or no later than 45 days prior to pre-trial conference date) |
| Non-Dispositive Pre-Trial Motion Papers (relating to expert discovery) | January 24, 2012 | June 29, 2012 (or no later than 45 days prior to pre-trial conference date) |
| Dispositive Pre-Trial Motion Papers | February 17, 2012 | July 20, 2012 |

Dated:  September 12, 2011

Respectfully submitted,

MORRISON & FOERSTER LLP
BROOKS M. BEARD
DANIEL A. ZLATNIK

By: /s/  Daniel A. Zlatnik
    Daniel A. Zlatnik

LAW OFFICE OF EDWARD J. CADEN
EDWARD J. CADEN

*Attorneys for Plaintiffs Ryan Couch and Kenneth Jimenez*

OFFICE OF THE ATTORNEY GENERAL OF CALIFORNIA
KAMALA D. HARRIS
SCOTT WYCKOFF
MARY HORST

By: /s/  Mary Horst
    Mary Horst
*Attorneys for Defendants Tommy Wan, Kimberli Boncore, and Ralph Diaz*

**IT IS SO ORDERED.**

IT IS SO ORDERED.

Dated: __**September 14, 2011**__              /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE