# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RYAN COUCH, et al., | ) | 1:08cv1621 LJO DLB |
| | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER REGARDING CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S MOTION TO QUASH PLAINTIFFS' SUBPOENA |
| v. | ) | |
| | ) | |
| TOMMY WAN, KIMBERLI BONCORE, and RALPH DIAZ | ) | (Document 158) |
| | ) | |
| Defendants. | ) | |

On May 16, 2011, Real Party in Interest/Non-Party California Department of Corrections and Rehabilitation ("CDCR") filed the instant motion to quash Plaintiffs' subpoena seeking documents related to June 21, 2009, riot between Northern and Southern Hispanic inmates pursuant to Federal Rule of Civil Procedure 45. The motion was heard before the Honorable Dennis L. Beck, United States Magistrate Judge, on September 23, 2011. Mary Horst, Deputy Attorney General, appeared on behalf CDCR. Daniel Zlatnik and Edward Caden appeared on behalf of Plaintiffs Ryan Couch and Kenneth Jimenez.

## BACKGROUND

Officers Couch and Jimenez allege violations of their free speech rights and violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, against Defendants Tommy Wan, Kimberli Boncore and Ralph Diaz in their individual and official capacities. Defendant Tommy Wan is the Associate Warden in charge of Central Services and

1

1 Facility C at SATF.  Defendant Kimberli Boncore served as an investigator and corrections
2 officer at SATF.  Defendant Ralph Diaz was a Facility C Captain at SATF and now serves as an
3 Associate Warden.
4  On August 5, 2011, CDCR and SATF received a subpoena from Plaintiffs seeking
5 documents related to a riot that occurred on June 21, 2009, between Northern and Southern
6 Hispanic inmates.
7  On August 19, 2011, CDCR filed the instant motion to quash the subpoena.  Plaintiffs
8 opposed the motion on September 9, 2011, and CDCR replied.

## DOCUMENTS AT ISSUE

10 The subpoena seeks the incident package, including but not limited to the CDC Form
11 837A reports, CDCR Form 837C reports, and CDCR Form 837A-1 closure letter, regarding the
12 incident (log number SATF-003-09-06-0235) on or around June 21, 2009, at SATF involving a
13 violent riot between Southern Hispanic Inmates and Northern Hispanic Inmates, the Use of Force
14 Critique documents associated with the incident, and any and all audio recordings associated
15 with the incident.

## DISCUSSION

**A.  Legal Standard**

Federal Rule of Civil Procedure 45 authorizes issuance of a subpoena to command a non-party to produce designated documents, electronically stored information, or tangible things in its possession, custody or control. Fed. R. Civ. P. 45(a)(1)(A)(iii).  The scope of discovery through subpoena is the same as that applicable to Rule 34 and to the other discovery rules.  *See* Fed. R. Civ. P. 45 Advisory Committee Notes 1991 Amendment; *see also McCoy v. Southwest Airlines Cos., Inc.*, 211 F.R.D. 381, 384 (C.D. Cal. 2002); *Brinckerhoff v. Town of Paradise*, 2010 WL 4806966, *7 (E.D. Cal. Nov. 18, 2010).  Rule 34, pertaining to the discovery of documents, provides that requests "must describe with reasonable particularity each item or category of items" to be produced.  Fed. R. Civ. P. 34(b)(1)(A).  Further, the information sought must be relevant to the claims and defenses in the underlying matter and must be "reasonably calculated to lead to admissible evidence."  Fed. R. Civ. P. 26 (b).  Overbroad subpoenas seeking

irrelevant information may be quashed or modified. *Century Sur. Co. v. Master Design Drywall, Inc.*, 2010 WL 2231890, *1 (S.D. Cal. Jun. 2, 2010) (modifying subpoena seeking documents beyond effective date of insurance policy at issue).

**B.     Analysis**

The subpoena requests documents related to a riot in 2009. CDCR claims that these documents are irrelevant to Plaintiffs' retaliation and RICO claims. The Court agrees.

Plaintiffs' retaliation claims stem from complaints they made in 2007 regarding Defendant Boncore's actions and purported over familiarity with inmates. By the instant subpoena, Plaintiffs are attempting to uncover evidence that Defendant Boncore had a long-standing relationship with inmates in 2009 to establish that a long-standing relationship was also in existence when Plaintiffs complained in 2007. This attenuated reasoning and supposition does not establish that the 2009 incident file or package is relevant to Plaintiffs' claims of retaliation in 2007 and 2008.

Further, there is no indication that the 2009 incident file or package is relevant to Plaintiffs' RICO claims. Although Plaintiffs argue that evidence from the incident in 2009 establishes a pattern of racketeering, the critical predicate acts of racketeering are those which occurred prior to the filing of the instant action in 2008. It is not enough to argue that some activity which occurred after the complaint was filed supports an inference that such activity occurred before the complaint was filed. In short, evidence from the June 2009 riot is not relevant to Plaintiffs' claims and is not reasonably calculated to lead admissible evidence.

## CONCLUSION AND ORDER

Based on the above, CDCR's motion to quash the subpoena is GRANTED.

IT IS SO ORDERED.

Dated:   **September 23, 2011**                              /s/ Dennis L. Beck
                                                                                  UNITED STATES MAGISTRATE JUDGE