# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN COUCH, et al., | ) 1:08cv1621 LJO DLB |
| | ) |
| Plaintiffs, | ) ORDER GRANTING PLAINTIFFS' MOTION |
| | ) FOR LEAVE TO TAKE ADDITIONAL |
| v. | ) DEPOSITIONS AND DEPOSITIONS OF |
| | ) PRISONERS |
| TOMMY WAN, KIMBERLI BONCORE, | ) (Document 157) |
| and RALPH DIAZ | ) |
| | ) |
| Defendants. | ) |

On August 18, 2011, Plaintiffs Ryan Couch and Kenneth Jimenez ("Plaintiffs") filed the instant motion for leave to take ten depositions, including two depositions of individuals confined in prison, in addition to the ten depositions allowed pursuant to Federal Rule of Civil Procedure 20. The motion was heard before the Honorable Dennis L. Beck, United States Magistrate Judge, on September 23, 2011. Daniel Zlatnik and Edward Caden appeared on behalf of Plaintiffs. Mary Horst, Deputy Attorney General, appeared on behalf non-party California Department of Corrections and Rehabilitation ("CDCR") and on behalf of Defendants Tommy Wan, Kimberli Boncore and Ralph Diaz.

## BACKGROUND

Officers Couch and Jimenez allege violations of their free speech rights and violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, against

1

1  Defendants Tommy Wan, Kimberli Boncore and Ralph Diaz in their individual and official
2  capacities.
3       Plaintiffs filed a motion seeking leave to exceed the presumptive limits of Fed. R. Civ. P.
4  30(a)(2) and conduct ten additional depositions.  The parties filed a joint statement of discovery
5  dispute on September 16, 2011.

## DISCUSSION

**A.    Legal Standard**

Rule 30(a) (2)(A)(i) provides that no party may take more than ten depositions without leave of court or stipulation of the parties.  A party seeking leave of court must make a "particularized showing" why the discovery is necessary. *C & C Jewelry Mfg., Inc. v. West*, 2011 WL 767839, * 1 (N.D. Cal.2011) (citing *Archer Danield Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 586 (D. Minn. 1999)).  Rule 30(a)(2) provides that, when a party seeks leave to take more than ten depositions, the Court must grant leave to the extent consistent with Rule 26(b)(2). Under Rule 26(b)(2)(C), a court must limit discovery if it determines (1) the discovery sought is cumulative or duplicative, or can better be obtained from some other source; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; and (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii); *Lehman Bros. Holdings, Inc. v. CMG Mortg., Inc.*, 2011 WL 203675, *2 (N.D. Cal.2011).

**B.    Analysis**

1.    Additional Depositions

Defendants argue that Plaintiffs' request is premature because Plaintiffs have not completed the ten depositions permitted as of right.  As stated at the hearing, Plaintiffs have conducted only five depositions.  Generally, courts will not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2).  *See, e.g., Authentec, Inc. v. Atura Tech.* 2008 WL 5120767, *1 (N.D. Cal. Dec. 4, 2008).  However, courts have departed from this "exhaustion rule" where the complexity of the case clearly warranted more than ten depositions.  *See, e.g., Del Campo v. American Corrective*

*Counseling Servs., Inc.*, 2007 WL 3306496 (N.D. Cal. Nov. 6, 2007) (complex case involving five plaintiffs and eleven defendants, court found that it would be prejudicial to require plaintiffs to choose to take ten depositions before they knew whether they would be granted more).

      Here, the complexity of this case justifies exceeding the presumptive deposition limit. The action involves multiple plaintiffs, multiple defendants and complex legal issues. While there are foundational facts common to both Plaintiffs, many the facts concern only Officer Couch's claims or only Officer Jimenez's claims. The complaint contains allegations of multiple retaliatory acts, threats, harassment and intimidation. The RICO claims span multiple events and multiple individuals.

      Further, the Court finds that Plaintiffs have made the particularized showing required for leave to exceed the presumptive deposition limits. First, the proposed depositions are not cumulative or duplicative. Plaintiffs have identified a preliminary list of over twenty individuals they may wish to depose, but expect to refine that list to approximately twenty. As the proposed witnesses and a summary of their anticipated testimony was filed under seal, the Court will not restate that information. It is sufficient to note that the proposed depositions include persons with knowledge of facts concerning Officer Jimenez's removal from an Investigative Services Unit ("ISU") position, Defendant Boncore's alleged relationship with inmates, allegations against Defendant Wan, and Officer Couch's transfer out of ISU. Defendants argue that the anticipated testimony is cumulative. While the Court agrees that there may be some overlap, the proposed depositions and anticipated testimony are not unreasonably cumulative or duplicative.

      Second, although Plaintiffs have had an opportunity to obtain discovery through other means, the Court finds that many facts in this case may likely only be obtained through live witness testimony. By way of example, Plaintiffs point to their allegations that Defendants ordered deletion of incriminating facts from ex-gang member debriefing reports, ordered evidence of Defendants' misconduct destroyed, and refused to investigate or seek prosecution of certain inmates. Given the nature of the allegations and the information sought from the witnesses, the Court agrees that only oral testimony likely can prove these allegations and that other less-intrusive discovery devices may be ineffective.

Third, the burden or expense of the proposed discovery does not outweigh its likely benefit. As discussed at the hearing, Plaintiffs will bear much of the expense associated with additional depositions, including subpoenas, court reporters and transcripts. The Court declines to require Plaintiffs to pay for the costs, including attorney's fees, incurred by Defendants for additional depositions. There is no basis for cost-shifting.

2.  Depositions of Prisoners

As part of the request to exceed the presumptive deposition limit, Plaintiffs also seek leave to depose two identified prisoners.[1] Pursuant to Fed. R. Civ. P. 30(a)(2), a party must seek leave to conduct a deposition if the deponent is confined in prison. Plaintiffs believe these prisoners have unique firsthand knowledge of facts at issue in this case.

Defendants counter that the depositions of currently incarcerated inmates should not be allowed because the burden outweighs the likely benefit. They believe that the depositions may have an impact on the safety and security of all defendants, particularly Officer Boncore. Defendants' security concerns regarding these depositions are overstated, in part because Plaintiffs' counsel has already interviewed these prisoners.

## CONCLUSION AND ORDER

For the reasons discussed above, Plaintiffs' motion for leave to take additional depositions is GRANTED. Plaintiffs may take ten depositions, including the depositions of two prisoners, in addition to the ten depositions allowed under Federal Rule of Civil Procedure 30.

IT IS SO ORDERED.

Dated:   **September 26, 2011**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] As the names of these prisoners and their anticipated testimony was filed under seal, the Court does not identify them by name in this Order.

4