1  BROOKS M. BEARD (CA Bar No. 181271)
   Email:  bbeard@mofo.com
2  DANIEL A. ZLATNIK (CA Bar No. 259690)
   Email: dzlatnik@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
5  Facsimile:   (415) 268-7522

6  EDWARD J. CADEN (CA Bar No. 166922)
   Email:  Edward.Caden@Cadenlaw.org
7  LAW OFFICE OF EDWARD J. CADEN
   9245 Laguna Springs Drive, Suite 200
8  Elk Grove, California  95753
   Telephone:  (916) 729-3172
9  Facsimile:   (916) 673-2134

10 Attorneys for Plaintiffs RYAN COUCH and KENNETH
   JIMENEZ

11

12

13
                    UNITED STATES DISTRICT COURT
14
                    EASTERN DISTRICT OF CALIFORNIA
15

16
   RYAN COUCH and KENNETH JIMENEZ,          Case No. 1:08-CV-01621-LJO-DLB
17
                  Plaintiff,                 **THIRD AMENDED
18                                           PROTECTIVE ORDER**
         v.
19
   TOMMY WAN, KIMBERLI BONCORE, and          Judge: Hon. Dennis L. Beck
20 RALPH DIAZ,

21                Defendants.

22

23

24

25

26

27

28

[PROPOSED] THIRD AMENDED PROTECTIVE ORDER
CASE NO. 1:08-CV-01621-LJO-DLB
sf-3123945

1. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and it appearing that discovery in this action will involve the disclosure of confidential information, it is hereby stipulated by and between Plaintiffs Ryan Couch and Kenneth Jimenez (together, "Plaintiffs") and Defendants Tommy Wan, Kimberli Boncore, and Ralph Diaz (together, "Defendants"), collectively referred to as the "Parties" and individually referred to as "Party," through their respective counsel, and ordered that the following Protective Order be entered to give effect to the terms and conditions set forth below:

2. "Designating Party" means any one of the Parties producing Documents or information under this Protective Order.

3. "Document" or "Documents" shall have the broadest meaning permitted under Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence, and relevant case law.

4. "Protected Information" includes the following categories of information, and shall include Documents produced during discovery, answers to interrogatories, responses to requests for admissions, depositions, hearing or trial transcripts, and tangible things, the information contained therein, and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose such information.

A. **"CONFIDENTIAL"** designates information that a Designating Party reasonably believes to be confidential due to safety or security reasons, that is not readily available to the public, and/or the disclosure of which is likely to result in imminent or substantial endangerment to an inmate or prison employee.

B. "**REDACTED & CONFIDENTIAL**" designates information that is protected against disclosure by various privacy laws, including, for example, social security numbers and bank account numbers. Each redaction must be identified by showing what information has been redacted (*i.e.*, "social security number," "bank account number" etc.). Other than information protected against disclosure by applicable privacy laws or information redacted pursuant to the Court's June 24, 2011 (Dkt. 153) and September 23, 2011 (Dkt. 201) orders, no other information shall be redacted. By way of example only, no names, nicknames, or inmate numbers shall be

redacted except as allowed by the Court's June 24, 2011 (Dkt. 153) and September 23, 2011 (Dkt. 201) orders.

  C. The designation of information as "**CONFIDENTIAL**" or "**REDACTED & CONFIDENTIAL**" is limited to information falling into one or more of the following categories:

    i. Prison, CDCR, or OIG policies, operational procedures, rules, or regulations that have previously been designated as confidential;

    ii. personnel documents;

    iii. post orders;

    iv. investigation documents;

    v. documents contained in the central prison file, medical file, or parole files of an inmate or former inmate;

    vi. any personal information regarding an inmate, former inmate, or staff member employed or formerly employed by the CDCR or OIG;

    vii. information regarding the identity of a confidential informant and confidential investigations; and

    viii. the information addressed in Eastern District of California Local Rule 39-140, including minors' names, financial account numbers, social security numbers, and dates of birth.

However, information falling within these categories does not, solely by virtue of that fact, merit designation as "CONFIDENTIAL" or "REDACTED & CONFIDENTIAL." Such information must also meet the criteria described in Paragraphs 4.A and 4.B, respectively, to merit those designations.

  D. **"CONFIDENTIAL: ATTORNEYS' EYES ONLY"** or **"REDACTED & CONFIDENTIAL: ATTORNEYS' EYES ONLY"** designates information that constitutes part of or an entire confidential memorandum produced from the confidential section of an inmate's central file or constitutes a part of or an entire debriefing report.

  E. Protected Information shall not include: (i) information that is in the public domain at the time of disclosure; (ii) information that after disclosure is published or becomes

part of the public domain through no fault or action (in whole or in part) of any Party receiving information under this Protective Order, but only after it is published or comes into the public domain; (iii) information that is in the possession of a Party receiving such information without any confidentiality obligations at the time of disclosure; or (iv) information disclosed by a third party without any confidentiality obligations at the time of disclosure.

5. This Protective Order shall apply to all Protected Information exchanged by any Party, including, without limitation, Documents, things, other discovery materials, transcripts, depositions, testimony, or other papers produced, filed, generated, or served by a Party in this litigation.

6. All Protected Information produced and designated as confidential hereunder shall have stamped or affixed on each page that contains Protected Information the appropriate confidentiality classification—either "CONFIDENTIAL," "REDACTED & CONFIDENTIAL," "CONFIDENTIAL: ATTORNEYS' EYES ONLY" or "REDACTED & CONFIDENTIAL: ATTORNEYS' EYES ONLY" — and the designation "Case No. 1:07-CV-01621-LJO-DLB (E.D. Cal.)" at the time such materials, or copies thereof, are delivered to the receiving Party, or within ten (10) court days thereafter in the event such labeling or marking is inadvertently omitted. Until ten (10) court days have elapsed after receipt, the reviewing Party will treat Documents and things that have been received and that have not been designated "CONFIDENTIAL," "REDACTED & CONFIDENTIAL," "CONFIDENTIAL: ATTORNEYS' EYES ONLY" or "REDACTED & CONFIDENTIAL: ATTORNEYS' EYES ONLY" as if they had been designated with the "CONFIDENTIAL: ATTORNEYS' EYES ONLY" or "REDACTED & CONFIDENTIAL: ATTORNEYS' EYES ONLY" classification. The parties will use due care to designate as Protected Information only Documents or other materials that truly encompass such information.

7. Protected Information that has been classified as "CONFIDENTIAL" or "REDACTED & CONFIDENTIAL" may be disclosed only to the following:

A. outside counsel for the receiving Party and their clerical and paralegal staffs and litigation support providers (for example, outside copy services, coding and imaging vendors,

graphic art and visual aid providers, or jury consultants) whose duties and responsibilities require access to Protected Information;

    B.    Plaintiffs and Defendants;

    C.    experts and consultants who are requested by counsel of the receiving Party to furnish technical, legal, expert, or other specialized services in connection with this litigation;

    D.    an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other lay personnel of such officer; and

    E.    any other person to whom the parties agree in writing or as allowed by the Court.

    8.    Protected Information that has been classified as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" or "REDACTED & CONFIDENTIAL: ATTORNEYS' EYES ONLY" may be disclosed only to those persons identified in subparts A, C, D, and E of Paragraph 7 above.

    9.    No Protected Information shall be provided to any person identified in subpart B or C of Paragraph 7 until each such person has been provided with a copy of this Protective Order, reviewed it, and signed the Certification attached hereto as Exhibit A.

    10.    Designations of Discovery

    A.    Depositions may be designated as Protected Information in accordance with this Order: (a) in the course of the deposition, orally on the record; or (b) by notifying the other Party in writing, within ten (10) court days of receipt of the transcript by the parties, of the pages and lines of the transcript that contain the Protected Information.

    i.    All depositions shall presumptively be treated as Protected Information marked with the "CONFIDENTIAL" designation in accordance with the definition above and subject to this Order during the deposition and for a period of ten (10) court days after a transcript of said deposition is received by the Parties.

    ii.    Counsel of record for the Designating Party may also request that all persons other than the individuals specified in Paragraph 7 of this Protective Order, as appropriate, leave the deposition room during the

[PROPOSED] THIRD AMENDED PROTECTIVE ORDER
CASE NO. 1:08-CV-01621-LJO-DLB
sf-3123945

4

portion of the deposition in which Protected Information is disclosed.  If the Protected Information disclosed is of the type identified by subparagraph 4.D of Paragraph 4, counsel of record for the Designating Party may request that all persons other than the individuals specified by subparagraph A, C, D, and E of Paragraph 7, as appropriate, leave the deposition room.  The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel of record to advise the witness not to answer the question pending a ruling from the Court on the issue.

iii. Where appropriate in light of the amount of Protected Information likely to be disclosed at a given deposition, counsel of record for the Parties may agree at the beginning of the deposition that the entire transcript shall be designated "CONFIDENTIAL," subject to review of the transcript and withdrawal of any unnecessary designation within ten (10) court days of receipt of the transcript.

B. Answers to interrogatories and requests for admission may also be designated confidential by marking the Documents in a manner described in Paragraph 6 of this Order.

C. Notwithstanding Paragraphs 7 and 8 above, other persons may be shown a specific item of Protected Information of the producing Party if such persons are identified in that specific item, or on any attachment thereto, as being the author, or as having previously received a copy of an exact duplicate of said specific item.

D. Notwithstanding Paragraph 7, other persons may be shown a specific item of Protected Information designated CONFIDENTIAL or REDACTED & CONFIDENTIAL if such persons are past or present employees of the producing Party.

11. Documents Available for Inspection and Copying

A. Notwithstanding the provisions of Paragraph 6, all Documents and things that are produced for initial inspection prior to copying and delivery shall presumptively be considered to be designated Protected Information marked with the "CONFIDENTIAL" classification or, for

documents identified by subparagraph D of Paragraph 4, the "CONFIDENTIAL: ATTORNEYS' EYES ONLY" classification, and shall be produced for inspection only by persons representing the receiving Party who fall within at least one of the categories permitted under Paragraph 7 or, for documents identified by subparagraph 4.D of Paragraph 4, only by persons representing the receiving Party who fall within at least subparagraph A, C, or E of Paragraph 7, above.

  B. At the initial inspection of Documents and things, the receiving Party shall not make copies of the Documents made available for inspection, and if notes are made therefrom other than a list identifying Documents or things to be copied or otherwise furnished, the notes shall be treated as Protected Information marked with the "CONFIDENTIAL" classification or, for notes regarding documents identified by subparagraph D of paragraph 4, as Protected Information marked with the "CONFIDENTIAL: ATTORNEYS' EYES ONLY" classification.

  C. After the receiving Party has selected Documents or things for copying, they shall promptly be sequentially numbered (if not already done), copied, and the copies delivered to the receiving Party by the producing Party (with the receiving Party paying only for the costs of its copy set and delivery of such set).  Before copies are delivered to the receiving Party, counsel for the producing Party shall designate and mark each page of the Documents and things with the appropriate confidentiality classification — either "CONFIDENTIAL," "REDACTED & CONFIDENTIAL," "CONFIDENTIAL: ATTORNEYS' EYES ONLY" or "REDACTED & CONFIDENTIAL: ATTORNEYS' EYES ONLY"  — and with the litigation case number ("Case No. 1:08-CV-01621-LJO-DLB (E.D. Cal.)") if and to the extent appropriate in accordance with Paragraph 6 of this Protective Order.  Copies of Documents and things delivered to the receiving Party and not so marked shall be considered thereafter to be outside the restrictions imposed by this Protective Order, except as provided in Paragraph 6.

  12. Compliance With Civil Local Rule 39-141

  A. All deposition transcripts, exhibits, answers to interrogatories, and other Documents that have previously been designated by a Party as comprising or containing Protected Information, or any pleading, brief, or memorandum purporting to reproduce or paraphrase such material, shall be lodged with the Court for filing in accordance with Gen. L.R. 39-141.

B. The confidential portions of Documents and things that are accepted for filing under seal by the Court shall be treated in accordance with Gen. L.R. 39-141.

13. If the receiving Party disagrees with the confidential or redacted status of any Document or other material, or if the receiving Party disagrees with the level of confidentiality classification, the receiving Party will notify and confer with the producing Party to request reclassification of the Document or material. If no agreement has been reached within ten (10) court days of such notification or a later date if agreed to in writing by the parties, the receiving Party may thereafter make a request of the Court for an order reclassifying the confidentiality designation and/or removing such Document or other material from the restrictions of this Order. If such a request is made, the Party seeking to maintain a confidentiality classification bears the burden of establishing that the restrictions of this Order apply to such Protected Information.

14. In light of the Court's June 24, 2011 order regarding Protected Information identified by subparagraph D of Paragraph 4, if the parties cannot reach an agreement regarding specific documents that fall within that category, the parties may seek in camera review of those documents.

15. Privileged Information and Inadvertent Disclosure of Privileged Information.

A. Nothing in this Protective Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does this Protective Order result in any Party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

B. Inadvertent production of information subject to the attorney-client and/or attorney-work-product privileges shall not constitute a waiver of any claim for protection under the privileges, provided that the provisions of this paragraph are satisfied.

   i. If the Producing Party discovers that information produced in discovery should have been withheld on the basis of privilege, the Producing Party must provide written notice to all other Parties as soon as is reasonably practicable. In such event, the Parties must immediately: (a) return the

privileged information along with all duplicates to the Producing Party; or (b) destroy the originals and all copies of the privileged information. The Producing Party shall designate which of these approaches the Parties must follow. Once notified of the production of privileged information, the Receiving Party shall not duplicate the privileged information, nor distribute the privileged information by any means other than returning it to the Producing Party or destroying it consistent with this Paragraph. In addition, once notified of the production of privileged information, the Receiving Party shall, if such material has previously been disclosed to others by the Receiving Party, take reasonable steps to obtain all such previously disclosed material and advise such persons of the claims of privilege. Within fifteen (15) days of notifying all other Parties, the Producing Party must provide a privilege log to all Parties that lists the privileged information. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure or use of privileged information occurring before the Receiving Party was placed on notice of the Producing Party's claims of privilege, provided the Receiving Party did not know that the information was privileged.

    ii. If the Receiving Party has a reasonable basis to believe that information produced in discovery should have been withheld on the basis of privilege, the Receiving Party has an affirmative obligation to provide written notice to the Producing Party. The Receiving Party must provide such written notice within a reasonable time period after identifying the information as privileged, but in any event, no later than seven (7) days after it discovers that privileged information was inadvertently produced.

16. A third party from whom discovery is sought in this litigation ("the Third Party") may produce Protected Information entitled to the protections afforded by this Order as follows:

    A. The Third Party shall be given a copy of this Order;

   B. The Third Party shall request, in writing addressed to the propounding Party's counsel, the protections afforded by this Order;

   C. The Third Party shall produce any Protected Information in the manner described in Paragraphs 6, 10, and/or 11;

   D. The Third Party's Protected Information produced in such manner may be disclosed only to the persons identified in Paragraphs 7, 8, 10.C or 10.D, depending on how the Protected Information is designated;

   E. Paragraphs 13 and 14 set the procedures for disputing classification of material produced by the Third Party;

   F. The Third Party is entitled to the protections against inadvertent disclosure found in Paragraph 15;

   G. Following the termination of this Action, the Third Party's Protected Information shall be treated as described in Paragraph 18; and

   H. Before any modification of the Order pursuant to Paragraph 20 that might affect the Third Party's rights under this Order, the Third Party is entitled to notice and an opportunity to object.

  17. If Protected Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the Party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing Party, make every effort to obtain the return of the disclosed Protected Information and prevent further disclosure of it by the person who was the recipient of such information.

  18. Any person who, prior to official production of documents as signified by Bates numbers being applied to those documents, has reviewed or accessed another Party's raw electronic data that is ultimately deemed by agreement of the Parties or judicial determination to be non-responsive or irrelevant to the claims in this litigation shall be prohibited from using any such raw electronic discovery deemed non-responsive or irrelevant for any other purpose, including but not limited to further investigation, initiation of a separate lawsuit, representation in

a separate lawsuit, or referral for initiation of a separate lawsuit.  Before beginning review of the other Party's raw electronic data, the receiving Party shall first identify any person who will be reviewing the raw electronic data.

19. Unless otherwise agreed or ordered by the Court, within ninety (90) calendar days after the termination of this Action, Case No. 1:08-CV-01621-LJO-DLB (E.D. Cal.), including any and all appeals therefrom, attorneys for the receiving Party shall destroy all Protected Information received from the other parties to this litigation or third parties hereunder, and provide the other parties with written verification of such destruction.  Notwithstanding this provision, outside counsel for each Party may maintain for archival purposes one copy of all pleadings, transcripts, exhibits and written discovery responses, including portions designated under this Protective Order.  Prompt written notice shall be given to a Party who produced Protected Information hereunder if that Party's Protected Information is sought by any person not a party to this litigation, by subpoena in another action, or by service with any legal process.  Any person seeking such Protected Information who takes action to enforce such subpoena or other legal process shall be apprised of this Order.

20. This Order may be changed only by the written agreement of the parties or further order of the Court, and is without prejudice to the rights of a Party to seek relief from or variation of any of its provisions.

21. Subject to Paragraph 18 above, the remaining provisions of this Order, including the obligations to maintain confidentiality embodied herein, shall survive the final disposition of this litigation and continue in full force and effect.

Dated:  March 23, 2012

MORRISON & FOERSTER LLP
BROOKS M. BEARD
DANIEL A. ZLATNIK


By: _/s/ Brooks M. Beard_
        Brooks M. Beard

Attorneys for Plaintiffs RYAN COUCH and KENNETH JIMENEZ

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:  March 23, 2012 | EDWARD J. CADEN<br>LAW OFFICE OF EDWARD J. CADEN |
| 3 | | |
| 4 | | By:   */s/ Edward J. Caden*<br>              Edward J. Caden |
| 5 | | |
| 6 | | Attorney for Plaintiffs RYAN COUCH and<br>KENNETH JIMENEZ |
| 7 | | |
| 8 | Dated:  March 23, 2012 | KAMALA D. HARRIS.<br>Attorney General of the State of California<br>SCOTT H. WYCKOFF |
| 9 | | Supervising Deputy Attorney General<br>MARY HORST |
| 10 | | Deputy Attorney General<br>WILLIAM H. LITTLEWOOD |
| 11 | | Deputy Attorney General |
| 12 | | By:   */s/ Mary Horst*<br>              Mary Horst |
| 13 | | |
| 14 | | Attorneys for Defendants TOMMY WAN,<br>KIMBERLI BONCORE, AND RALPH DIAZ |

**IT IS SO ORDERED**.

Dated: 27 March 2012

/s/ Dennis L. Beck

HON. DENNIS L. BECK
UNITED STATES MAGISTRATE JUDGE

1
2                                    **EXHIBIT A**
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATION**

I, _____, residing at _____,

_____, being duly sworn according to law, state as follows:

1. I understand that information or Documents designated "Protected Information" will be provided to me in accordance with the terms and conditions and restrictions of the Protective Order ("Protective Order"), dated _____, entered in the lawsuit styled *Couch v. Wan, et al.*, United States District Court, Eastern District of California, Civil Action No. 1:08-CV-01621-LJO-DLB (the "Litigation");

2. I have been given a copy of and have read and understand the Protective Order, and I hereby agree to be bound by its terms;

3. I further agree that I shall not disclose to others, except in accordance with the terms and conditions of the Protective Order, such Protected Information and that such Protected Information shall be used only for the purposes of the Litigation;

4. I further understand that my obligation to honor the confidentiality of such Protected Information will continue even after the Litigation terminates;

5. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions imposed by the Court for such a failure, including sanctions by way of contempt of court, and a claim for damages by the party producing the Protected Information disclosed to me;

6. For purposes of enforcing this Protective Order, I hereby consent to the jurisdiction of the federal courts and state courts in California, and agree that service by mail or personal service of any notice, order, or proceeding in connection therewith shall be valid service upon me;

7. I certify that the foregoing statements made by me are true and correct under penalty of perjury under the laws of the State of California.

Executed on: _____     By: _____