| | |
|---|---|
| 1 | BROOKS M. BEARD (CA Bar No. 181271) |
| | Email: bbeard@mofo.com |
| 2 | DANIEL A. ZLATNIK (CA Bar No. 259690) |
| | Email: dzlatnik@mofo.com |
| 3 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 4 | San Francisco, California  94105-2482 |
| | Telephone:  (415) 268-7000 |
| 5 | Facsimile:   (415) 268-7522 |
| 6 | EDWARD J. CADEN (CA Bar No. 166922) |
| | Email:  Edward.Caden@Cadenlaw.org |
| 7 | LAW OFFICE OF EDWARD J. CADEN |
| | 9245 Laguna Springs Drive, Suite 200 |
| 8 | Elk Grove, California  95753 |
| | Telephone:  (916) 729-3172 |
| 9 | Facsimile:   (916) 673-2134 |
| 10 | Attorneys for Plaintiffs RYAN COUCH and KENNETH JIMENEZ |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RYAN COUCH and KENNETH JIMENEZ, | Case No. 1:08-CV-01621-LJO-DLB |
|---|---|
| Plaintiff, | **JOINT STIPULATION AND ORDER REGARDING AUTHENTICITY** |
| v. | |
| TOMMY WAN, KIMBERLI BONCORE, and RALPH DIAZ, | Judge: Hon. Dennis L. Beck |
| Defendants. | |

WHEREAS, Ryan Couch and Kenneth Jimenez (collectively, "Plaintiffs") commenced the above-captioned action (the "Litigation") against on Tommy Wan, Kimberli Boncore, and Ralph Diaz (collectively, "Defendants," and together with Plaintiffs, "the Parties" and individually each a "Party"), on July 7, 2008;

WHEREAS, in the course of discovery the Parties have exchanged documents, and Plaintiffs have sought and obtained documents from third party California Department of Corrections and Rehabilitation ("CDCR");

WHEREAS, the Parties have determined that it is in their mutual interest and CDCR's interest as a third party to avoid the significant and unnecessary burden and expense associated with the document-by-document authentication of documents, and that stipulating to the authenticity of documents will promote the orderly and efficient progress of the Litigation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties as follows:

1. Subject to the exceptions stated below, and absent affirmative evidence (including evidence relating to the completeness of a document, such as missing or incomplete pages, or any conditions in the actual document or the manner in which it was produced that brings into question whether the document was actually generated by the relevant party or third party) that a document or thing is not what it purports to be, Plaintiffs agrees that, for purposes of Rule 901 of the Federal Rules of Evidence, Plaintiffs will not contest the authenticity of any document or thing produced by Plaintiffs in connection with the Litigation provided that the document or thing is offered in connection with the testimony of a witness (including for the purpose of cross-examining a witness) or in connection with a motion for summary judgment.

2. Subject to the exceptions stated below, and absent affirmative evidence (including evidence relating to the completeness of a document, such as missing or incomplete pages, or any conditions in the actual document or the manner in which it was produced that brings into question whether the document was actually generated by the

relevant party or third party) that a document or thing is not what it purports to be, Defendants agree that, for purposes of Rule 901 of the Federal Rules of Evidence, Defendants will not contest the authenticity of any document or thing produced by Defendants or CDCR in connection with the Litigation provided that the document or thing is being offered in connection with the testimony of a witness (including for the purpose of cross-examining a witness) or in connection with a motion for summary judgment.

       3.      Except as provided in Paragraph 4, the Parties' agreements in Paragraphs 1 and 2 of this stipulation do not apply to handwritten documents or notes.  If a document or thing produced by a Party bears handwritten notes, the Parties' agreements do not apply to the handwritten notes portion of the document, but do apply to the remainder of the document or thing.  The Parties agree, however, that where a typed document references and includes or attaches handwritten notes, such as notes that purport to be written by an inmate, the included or attached notes are the notes referenced by the document.

       4.      The Parties' agreements in Paragraphs 1 and 2 apply to the following pages: CDCR001212-1228, CDCR001254, CDCR003180-3188, CDCR002041, CDCR002585, CDCR002598-2600, CDCR002705-2707, CDCR002749-2754, CDCR007746-7747, CDCR007817-7821, CDCR011048-11050.

       5.      The Parties' agreements in paragraphs 1 and 2 of this stipulation do not apply to documents and things produced after the date of this stipulation if:  (1) within 15 days following production of the document or thing, the producing Party sends written notice to the receiving Party that it does not stipulate to the authenticity of the document or thing (with each such document or thing identified with specificity, such as by specific beginning and ending Bates numbers for a document) and provides a reasonable explanation for its position; or (2) there is affirmative evidence that the document or thing is not what it purports to be. To the extent either of the exceptions identified in this Paragraph 4 applies, the Parties agree that, at a mutually agreed upon time prior to trial, each Party may identify to the other Party a reasonable amount of documents and things produced after the date of this stipulation as to

which that Party still wishes a stipulation of authenticity.  The Parties further agree that such stipulation will not be unreasonably withheld.

6. The Parties agree that, at a mutually agreed upon time prior to trial, each Party may identify to the other Party a reasonable amount of documents and things produced in this litigation by third-parties (other than CDCR) as to which that Party wishes a stipulation of authenticity.  The Parties further agree that such stipulation will not be unreasonably withheld.

7. This stipulation does not affect either (1) Plaintiffs' ability to contest the authenticity of any document or thing produced by Defendants or CDCR, or (2) Defendants' ability to contest the authenticity of any document or thing produced by Plaintiffs.

8. In the event that a dispute arises regarding the authenticity of a document after the close of fact discovery, the Parties agree that the Party seeking to establish the authenticity of a document may take additional limited discovery (such as a deposition or request for admission), on an expedited basis, for the sole purpose of authenticating such document(s).

9. Nothing in this stipulation shall be construed as an agreement that the proper foundation has been laid for any documents or things that are subject to this stipulation, or that they are admissible into evidence by any Party.  The Parties hereby expressly reserve the right to object to the admissibility of any document or thing under any grounds permitted by law and not expressly addressed herein.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: October 15, 2012 | MORRISON & FOERSTER LLP<br>BROOKS M. BEARD |
| 3 | | DANIEL A. ZLATNIK |
| 4 | | |
| | | By: _____/s/ Daniel A. Zlatnik_____ |
| 5 | | Daniel A. Zlatnik |
| 6 | | Attorneys for Plaintiffs RYAN COUCH and KENNETH JIMENEZ |
| 7 | | |
| | Dated: October 15, 2012 | EDWARD J. CADEN |
| 8 | | LAW OFFICE OF EDWARD J. CADEN |
| 9 | | |
| | | By: __/s/ Edward J. Caden (as authorized on__ |
| 10 | | __October 12, 2012)__ |
| | | Edward J. Caden |
| 11 | | |
| 12 | | Attorney for Plaintiffs RYAN COUCH and KENNETH JIMENEZ |
| 13 | | |
| 14 | Dated: October 15, 2012 | KAMALA D. HARRIS.<br>Attorney General of the State of California |
| | | SCOTT H. WYCKOFF |
| 15 | | Supervising Deputy Attorney General<br>MARY HORST |
| 16 | | Deputy Attorney General |
| 17 | | By: __/s/ Scott H. Wyckoff (as authorized on__ |
| 18 | | __October 12, 2012)__<br>Scott H. Wyckoff |
| 19 | | Attorneys for Defendants TOMMY WAN, |
| 20 | | KIMBERLI BONCORE, AND RALPH DIAZ |
| 21 | | |
| 22 | | |
| 23 | IT IS SO ORDERED. | |
| 24 | | |
| 25 | Dated: **October 16, 2012** | _____/s/ Dennis L. Beck_____<br>UNITED STATES MAGISTRATE JUDGE |
| 26 | | |
| 27 | | |
| 28 | | |